PRESTON ET AL., APPELLEES, *v.* MURTY ET AL.; GOLD CIRCLE DISCOUNT STORE, APPELLANT.

[Cite as Preston *v.* Murty (1987), 32 Ohio St. 3d 334.]

(No. 86-1608—Decided September 9, 1987.)

*Nukes & Perantinides Co., L.P.A., Paul G. Perantinides, James J. Gutbrod, Daily & Codrea* and *John E. Codrea,* for appellees.

*Arter & Hadden, John D. Maddox, Curtiss L. Isler* and *Irene C. Keyse-Walker,* for appellant.

MOYER, C.J. The issue presented by this appeal is whether punitive damages were properly awarded against Gold Circle. Gold Circle contends that there was insufficient evidence to support the submission of punitive damages to the jury and that the court erroneously instructed the jury as to what conduct would support an award of punitive damages.

Ohio courts, since as early as 1859, have allowed punitive damages to be awarded in tort actions which involve fraud, malice, or insult. *Roberts* v. *Mason* (1859), 10 Ohio St. 277, paragraph one of the syllabus. The standards for imposing and assessing punitive damages, however, have remained frustratingly vague. Mallor & Roberts, Punitive Damages: Toward a Principled Approach (1980), 31 Hastings L.J. 639, 642.

In this case, there is no allegation of fraud or insult and thus the punitive-damages award must necessarily rest

on the presence of malice. Courts, including this court, have used diverse language to define and describe behavior that constitutes actual malice. See *Detling* v. *Chockley* (1982), 70 Ohio St. 2d 134, 24 O.O. 3d 239, 436 N.E. 2d 208. Although the numerous definitions have caused confusion as to what is required to prove actual malice, it is apparent from the case law that actual malice can be placed in two general categories: first, behavior characterized by hatred, ill will, or a spirit of revenge and, second, extremely reckless behavior revealing a conscious disregard for a great and obvious harm. These two concepts overlap in certain circumstances.

In this case, it is clear that plaintiffs based their claim for punitive damages on the second concept of extremely reckless behavior. Furthermore, a review of the case law reveals that this is the type of malice which has remained frustratingly vague. Mallor & Roberts, *supra*. Such malice has been described as "negligence * * * so gross as to show a reckless indifference to the rights and safety of other persons,"[1] a wrongful, unlawful, and intentional act of which the natural and probable result of the act is to accomplish the injury complained of,[2] outrageous conduct,[3] behavior having a character of outrage frequently associated with crime,[4] such a conscious and deliberate disregard of the interests of others that his conduct may be called willful or wanton,[5] intentional or deliberate behavior,[6] and flagrant indifference to unreasonable risks of harm.[7] These definitions give less than adequate guidance to a trial court.

An analysis of the definitions, coupled with a consideration of the policy reasons for awarding punitive damages, provides some common elements from which a general definition can be stated. The policy for awarding punitive damages in Ohio "* * * has been recognized * * * as that of punishing the offending party and setting him up as an example to others that they might be deterred from similar conduct." *Detling* v. *Chockley, supra,* at 136, 24 O.O. 3d at 240, 436 N.E. 2d at 209, and citations therein. Since punitive damages are assessed for punishment and not compensation, a positive element of conscious wrongdoing is always required. This element has been termed conscious, deliberate or intentional. It requires the party to possess knowledge of the harm that might be caused by his behavior.

A second principle inherent in the award of punitive damages is that something more than mere negligence is always required. *Leichtamer* v. *American Motors Corp.* (1981), 67 Ohio St. 2d 456, 472, 21 O.O. 3d 285, 295, 424 N.E. 2d 568, 580; *Detling* v. *Chockley, supra,* at 138, 24 O.O. 3d at 242, 436 N.E. 2d at 211. This concept

---

[1] *Gearhart* v. *Angeloff* (1969), 17 Ohio App. 2d 143, 46 O.O. 2d 207, 244 N.E. 2d 802, syllabus.

[2] *Smithhisler* v. *Dutter* (1952), 157 Ohio St. 454, 47 O.O. 334, 105 N.E. 2d 868, paragraph two of the syllabus.

[3] *Columbus Finance* v. *Howard* (1975), 42 Ohio St. 2d 178, 71 O.O. 2d 174, 327 N.E. 2d 654.

[4] *Smithhisler* v. *Dutter, supra.*

[5] *Detling* v. *Chockley, supra.*

[6] *Locafrance United States Corp.* v. *Interstate Dist. Serv., Inc.* (1983), 6 Ohio St. 3d 198, 6 OBR 252, 451 N.E. 2d 1222.

[7] *Leichtamer* v. *American Motors Corp.* (1981), 67 Ohio St. 2d 456, 21 O.O. 3d 285, 424 N.E. 2d 568.

is reflected in the use of such terms as "outrageous," "flagrant," and "criminal." The concept requires a finding that the probability of harm occurring is great and that the harm will be substantial. A possibility or even probability is not enough as that requirement would place the act in the realm of negligence. A requirement of substantial harm would also better reflect the element of outrage required to find actual malice.

We therefore hold that actual malice, necessary for an award of punitive damages, is (1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm. In the latter case, before submitting the issue of punitive damages to the jury, a trial court must review the evidence to determine if reasonable minds can differ as to whether the party was aware his or her act had a great probability of causing substantial harm. Furthermore, the court must determine that sufficient evidence is presented revealing that the party consciously disregarded the injured party's rights or safety. If submitted to the jury, the trial court should give an instruction in accordance with the law we announce today.

Accordingly, the judgment of the court of appeals is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

LOCHER, HOLMES, WRIGHT and H. BROWN, JJ., concur.

SWEENEY and DOUGLAS, JJ., dissent.