CARRERA, Appellant,

v.

SANDMAN et al., Appellees.

[Cite as *Carrera v. Sandman* (1989), 65 Ohio App.3d 422.]

Court of Appeals of Ohio,
Greene County.

No. 88–CA–64.

Decided Nov. 30, 1989.

*Stanley S. Phillips,* for appellant.

*J. Timothy Campbell,* for appellee Dennis G. Sandman.

*James J. Kozelek,* for appellees Farrel W. Buis and Jewel Hein.

ROBERT L. MCBRIDE, Judge.

Appellant, an attorney, engaged Dennis G. Sandman to conduct an auction of personal property at his farm located outside Xenia, Ohio. The parties executed a written auction sale agreement that provided for the auction to be

held on June 15, 1985. The items to be auctioned off included several old cars, automobile parts, a band saw, and numerous other articles of personal property.

The written agreement and the advertising for the auction contained no reservation as to price of the items. Appellant believed he had an oral understanding that there was a minimum reserve price on some of the items. No announcement was made at the auction of a reservation of price. Appellant left the premises early during the conduct of the auction.

About a month later, appellant directed a letter to seventy-five successful bidders asserting that the auction was unlawful and directed purchasers not to dispose of "any property which you took from the auction." All except the two appellees made some arrangements with appellant or are not involved in this proceeding. The appellees Farrel W. Buis and Jewel Hein purchased old vehicles, resisted appellant's action and ultimately filed counterclaims for damages.

Appellant initiated an action against the appellees for declaratory judgment, joining the auctioneer and his assistant based on a claim of an oral understanding of a minimum reserve price on items at the sale. The latter parties were voluntarily dismissed and appellant refiled a separate action against such agents.

Appellant's action was commenced in July 1985 and became engulfed in voluminous pleadings, motions, reassignments of trial judges and continuances which delayed the proceedings. Three years later a final judgment was entered, affirming the sale to Buis and Hein and awarding them compensatory and punitive damages, including attorney fees on their counterclaims.

Appellant assigns the following as error:

"1. The trial court erred in refusing to permit the plaintiff to testify to matters occurring prior to the auction relating to the contract with Sandman.

"2. The trial court erred in refusing to proceed upon the declaratory judgment cause of action even in light of the fact that Sandman and Kelley had been voluntarily dismissed from the case.

"3. The trial court erred in awarding punitive damages.

"4. The punitive damages awarded by the trial court were excessive.

"5. The trial court erred in refusing to consolidate this case with the refiled case against Sandman and Kelley.

"6. The decision and judgment of the trial court was against the manifest weight of the evidence."

Assignments of error one, two and five are related and are discussed together.

■ Contracts with an auctioneer for a public sale are required to be in writing. R.C. 4707.20. R.C. 1302.41 provides in subsection (C):

"Such a sale is with reserve unless the goods are in explicit terms put up without reserve. In an auction with reserve the auctioneer may withdraw the goods at any time until he announces completion of the sale. In an auction without reserve, after the auctioneer calls for bids on an article or lot, that article or lot cannot be withdrawn unless no bid is made within a reasonable time. In either case a bidder may retract his bid until the auctioneer's announcement of completion of the sale, but a bidder's retraction does not revive any previous bid."

It is undisputed that under the statute the auction sale was with reserve even though there was no notice at anytime of any reservation. However, as stated in the statute in subsection (D):

"If the auctioneer knowingly receives a bid on the seller's behalf or the seller makes or procures such a bid, and *notice has not been given that* liberty for such *bidding is reserved*, the *buyer may at his option avoid the sale or take the goods at the price of the last good faith bid prior to the completion of the sale.* * * * "  (Emphasis added.)

■ Thus, when the hammer falls, the sale at an auction is complete under this subsection as to a bidder in good faith without notice and the reservation as to price is lost. R.C. 1302.41(B) and (D). Notice that the bidding is reserved or other action taken by the owner or auctioneer to stay the hammer is essential to avoid a sale to a bidder in good faith.

■ We agree with the finding and judgment of the trial court that any understanding, if any, between the owner and the auctioneer was irrelevant in this case as to the appellees.

The first assignment of error is denied.

■ As to the second assignment of error, appellant submitted no authority or explanation why the court should proceed on a cause of action against parties who appellant had dismissed, the auctioneer and his assistant.

The court effectively determined the issues on the appellant's complaint for a declaratory judgment and on the pleading by the remaining parties.

The second assignment of error is denied.

■ The fifth assignment claims error in the refusal to consolidate this case with the separate suit subsequently refiled against Sandman and Kelley. In

view of the history of this case and the belated request for consolidation we find no abuse of discretion or other impropriety in the refusal to consolidate.

The fifth assignment of error is denied.

The third and fourth assignments of error on the award of punitive damages and the amount of such award are considered together.

■ Despite a failure to find any personal hatred, ill will, actual malice or animosity by appellant against the two appellees, the trial court found that the totality of appellant's actions showed a conscious disregard for the rights of Buis and Hein. Among the eight circumstances, the trial court listed a mistake as to the age of the Dodge sold Hein, the untenable grounds for refusal to deliver the cars after receiving the proceeds of sale from the auctioneer, the efforts of appellant in a demanding letter to reclaim property sold and in delaying the case or discouraging negotiations, and finally, in the only finding of wilful and wanton and reckless action, in filing a false affidavit of prejudice with the Supreme Court in which affidavit he injected partisan politics but admitted a lack of information upon which to base an affidavit of prejudice. However unfounded, the latter statement by a party is not sufficient to establish actual malice toward another party as required for an award for punitive damages. There is no suggestion that sanctions for unprofessional conduct was considered.

■ It is a general rule that punitive damages may be awarded as punishment to discourage others from committing similar wrongful acts with actual malice. It is equally true that punitive damages are not recoverable for a breach of contract unless there exists an independent willful tort characterized by personal hatred, ill will or a spirit of revenge, constituting actual malice. See *Preston v. Murty* (1987), 32 Ohio St.3d 334, 512 N.E.2d 1174.

At the close of the trial to the court, the position of appellant as a member of the bar as well as a plaintiff in the lawsuit was discussed.

The trial judge made the following comments:

"I am not trying to send a message out because this isn't the kind of case that calls for a message. * * * [T]his isn't the kind of case that has actual malice in it. This is a case of legal malice * * *. I am not going to send that message to the community. I don't think it's the case, and I don't think the facts call for it.

"I may have serious question as to what your client [appellant] did * * *. I don't think there was an intention to maliciously do something in the sense that we have used the term of actual malice. * * * [T]hey were errors of negligence, not the type of malice that justifies punitive damages."

It is of the essence of the adversary system that one party establish that he or she is right and the other wrong in law or in fact. However clear the language of the statute for the conduct of public auctions, there is a dearth of decisions on the circumstances which determine the instant case. While the conduct of appellant as an attorney before and during the extended litigation may not have been praiseworthy, it is as an adversary party that he must be considered in this case.

We agree with the foregoing comments that actual malice was not established. We find that punitive damages were not justified. Accordingly, the third assignment of error is sustained. This effectively disposes of the fourth assignment of error.

The sixth and final assignment of error, that the judgment was against the manifest weight of the evidence, is sustained as to punitive damage as indicated in the third assignment of error and otherwise we overrule this assignment of error.

The final entry separately itemized the compensatory and punitive damages awarded to each appellee. No issue was made as to the award for compensatory damages. The judgment of the trial court will be affirmed to this extent. However, the awards of punitive damages and attorney fees to each appellee will be reversed.

Final judgment will be awarded Jewel Hein and against appellant for compensatory damages in the amount of $2,496.66. Final judgment will be awarded Farrel W. Buis and against the appellant for compensatory damages in the amount of $2,612.58.

*Judgment accordingly.*

WILSON and BROGAN, JJ., concur.

ROBERT L. MCBRIDE, J., retired, of the Second Appellate District, sitting by assignment.