Wright, J.,
dissenting. I respectfully dissent from the majority opinion. With respect to Part I, I would continue to apply the test for bad faith as articulated in Motorists Mut. Ins. Co. v. Said (1992), 63 Ohio St.3d 690, 590 N.E.2d 1228. See, also, Hoskins v. Aetna Life Ins. Co. (1983), 6 Ohio St.3d 272, 6 OBR 337, 452 N.E.2d 1315.
I also disagree with the majority’s unhappy determination in Part II that R.C. 2315.21(C)(2) is unconstitutional. Though the majority seems determined to declare an important piece of tort reform legislation unconstitutional, I believe that accepted and traditional jurisprudence requires that we reach the opposite result. The analysis used in this matter and other recent cases in which the majority has thwarted the efforts of the General Assembly to accomplish tort reforms bring to mind a marvelous Yiddish proverb: “az di ershte shure iz krum, toyg der gantser briv oyf kapores, ‘If the first line is crooked the whole letter is good for nothing,’ or ‘111 begun, all undone.’ ”[1]
The right to a trial by jury under Section 5, Article I of the Ohio Constitution applies only to those causes of action in which an individual had a right to a jury trial at the time the 1802 Ohio Constitution was adopted. Willyard v. Hamilton (1836), 7 Ohio 111, 115-116; Belding v. State ex rel. Heifner (1929), 121 Ohio St. 393, 169 N.E. 301. At the time the Ohio Constitution was adopted, plaintiffs had a right to a jury trial for causes of action involving tort. See Kneisley v. Lattimer-Stevens Co. (1988), 40 Ohio St.3d 354, 533 N.E.2d 743. As such, under Section 5, Article I, a party has a right to a jury trial in a tort action.
However, appropriate analysis in this case cannot, and should not, end with the broad conclusion that an individual has a jury-trial right with respect to tort actions. This case presents a much narrower question: whether a plaintiff has a right to have a jury decide the amount of a punitive damages award. That is the issue and the majority simply fails to come to grips with it.
A right to a jury trial attaches only to those elements of a trial that are fundamental and essential to the jury system. Tull v. United States (1987), 481 U.S. 412, 426, 107 S.Ct. 1831, 1840, 95 L.Ed.2d 365, 378; Colgrove v. Battin *560 (1973), 413 U.S. 149, 93 S.Ct. 2448, 37 L.Ed.2d 522.[2] Therefore, we must consider whether providing a jury with the authority to determine the amount of punitive damages is essential to the jury system. As the United States Supreme Court stated in Colgrove:
“ ‘ * * * Only those incidents which are regarded as fundamental, as inherent in and of the essence of the system of trial by jury, are placed beyond the reach of the legislature. * * * ’ ” Id. at 156, 93 S.Ct. at 2452, 37 L.Ed.2d at 528, fn. 11 (quoting Scott, Trial by Jury and the Reform of Civil Procedure [1918], 31 Harv.L.Rev. 669, 671).
It is axiomatic that the purpose of a tort action is to fully compensate the plaintiff. See Bailey v. Allberry (1993), 88 Ohio App.3d 432, 624 N.E.2d 279, and Miller v. Irvin (1988), 49 Ohio App.3d 96, 550 N.E.2d 501. Given the purpose of a tort action, the fundamental role of a jury is to decide questions of liability and the extent of compensation. For this reason, a plaintiff has a right to have a jury determine liability. I can accept the principle that the compensatory nature of a tort action also extends to provide the plaintiff with a right to have the jury determine the amount of actual damages. See Fantozzi v. Sandusky Cement Prod. Co. (1992), 64 Ohio St.3d 601, 612, 597 N.E.2d 474, 482 (actual damages compensate plaintiff for his injury). This conclusion is supported by the proposition that the determination of actual damages relies solely on findings of fact, something for which the jury is uniquely suited. See Shamblin’s Ready Mix, Inc. v. Eaton Corp. (C.A.4, 1989), 873 F.2d 736, 741.
However, the central issue in this case is whether a plaintiff has a right to a jury determination of the amount of punitive damages in a tort action. A review of the appropriate case law leads to the inescapable conclusion that a plaintiff does not have such a right.[3]
The purpose of punitive damages is not to compensate the plaintiff, but rather to punish the defendant. “The policy for awarding punitive damages in Ohio ‘ * * * has been recognized * * * as that of punishing the offending party and setting him up as an example to others that they might be deterred from similar conduct.’ ” Preston v. Murty (1987), 32 Ohio St.3d 334, 335, 512 N.E.2d 1174, *561 1176 (quoting Detling v. Chockley [1982], 70 Ohio St.2d 134, 136, 24 O.O.3d 239, 240, 436 N.E.2d 208, 209). See W. Union Tel. Co. v. Smith (1901), 64 Ohio St. 106, 116, 59 N.E. 890, 892. As such, punitive damages are outside the underlying purpose of a tort action and the essential role of the jury. See Smith v. Printup (1993), 254 Kan. 315, 325-326, 866 P.2d 985, 994. The United States Court of Appeals for the Fourth Circuit reached the same result in Shamblin’s Ready Mix, Inc. v. Eaton Corp., supra, 873 F.2d at 742: “It is clear that the amount of exemplary damages is not a fundamental element of the trial. It is a remedy in the nature of a penalty designed to punish and deter reprehensible conduct.”
The nature of the determination of a punitive damages award also requires the conclusion that a plaintiff does not have a right to have a jury determine the amount of punitive damages. Unlike actual damages, which are entirely fact sensitive, the determination as to the amount of punitive damages contemplates more than the facts at hand in the immediate trial. In order to reach a fair punishment, the decision-maker must be able to compare the wrongful conduct in this case against similar conduct in other cases. Additionally, such a broad perspective is essential in order to set a level of damages which, while fair, will adequately deter such wrongful conduct in the future. This broad perspective, which is necessary to give effect to the purposes of punitive damages, makes the judge and not the jury the appropriate decision-maker. The knowledge and experience necessary to set punitive damages effectively are unique to the judge alone. In fact, the process of determining the amount of a punitive damages award is directly analogous to the sentencing role of a judge in a criminal trial. As such, the discretionary decision as to the amount of punitive damages to award in a particular case is not a “fundamental” element of the jury system. Consequently, a plaintiff does not have a constitutional right to have a jury determine the amount of punitive damages and the General Assembly has the perfect right to place that responsibility on the judiciary.
In addition, plaintiffs have no general “right” to punitive damages. The language of our cases shows that punitive damages are permissive and not mandatory. As we stated in Preston, supra: “Ohio courts, since as early as 1859, have allowed punitive damages to be awarded in tort actions which involve fraud, malice, or insult.” (Emphasis added.) 32 Ohio St.3d at 334, 512 N.E.2d at 1175. See Smith v. Printup, supra, 254 Kan. at 325, 866 P.2d at 994 (“No separate right of action existed at common law for punitive damages.”). This conclusion is supported by Justice Scalia, who recently noted: “State legislatures and courts have the power to restrict or abolish * * * punitive damages.” Pacific Mut. Life Ins. Co. v. Haslip (1991), 499 U.S. 1, 39, 111 S.Ct. 1032, 1054, 113 L.Ed.2d 1, 33 (Scalia, J., concurring). Because the legislature has the authority to abolish punitive damages, it may also regulate them. See Smith v. Printup, supra, at 331-332, 866 P.2d at 997-998. As such, the enactment of R.C. *562 2315.21(C)(2), which gives the trial court the power to determine the amount of punitive damages, was properly within the legislature’s authority and is not unconstitutional.
Moyer, C.J., concurs in the foregoing dissenting opinion.

. Samuel, In Praise of Yiddish (1971) 162.

. Although these cases are interpreting the Seventh Amendment to the United States Constitution, the similarity between that provision and Section 5, Article I of the Ohio Constitution makes their analyses particularly persuasive. See Digital & Analog Design Corp. v. N. Supply Co. (1992), 63 Ohio St.3d 657, 662, 590 N.E.2d 737, 742, fn. 1.

. Because the statute at issue leaves the determination as to whether a plaintiff is entitled to punitive damages with the jury, we do not need to consider whether a plaintiff has a right to have a jury make that determination. The only issue is whether a plaintiff has right to have a jury determine the amount of punitive damages, a responsibility placed by R.C. 2315.21(C)(2) upon the trial court.