I respectfully disagree with the majority's decision in Assignment of Error I in App. No. 99-CA-6 on the trial court's decision on directed verdict to not permit the jury to hear the issue of punitive damages. The test under a motion for directed verdict is whether after construing the evidence most strongly in favor of the nonmovant, the court finds upon a determinative issue that reasonable minds could come to but one conclusion upon the evidence submitted. Appellants claim the evidence submitted to the trial court was that appellees' conduct in refusing to rectify the problems caused by the inadequate culverts constituted a conscious disregard for their safety which resulted in substantial harm. See, Appellants' Brief filed July 9, 1999 at 10-11. The test is not that the conduct resulted in substantial harm as argued by appellants but rather "that [it] has a great probability of causing substantial harm." Preston v. Murty (1987), 32 Ohio St.3d 334
at syllabus. This difference is not a mere semantic difference but a critical difference when applied to the facts sub judice. No one contests throughout the one thousand three hundred pages of testimony that substantial harm was caused to the property owners. The question is whether appellees' inaction, for which they cite reasons, was in fact a "conscious disregard" for appellants' rights that appellees knew had a "great probability of causing substantial harm." The various expert witnesses opined the rain that fell as happening once every twenty-five years or generally once every ten years within a twenty-four hour period. T. at 289. Testimony from Jeffrey Smith established the rain commenced at 5:00 p.m. and was over the culverts a short time later. T. at 201, 204. Mr. Smith testified that water had never come up as far or move as fast before the June 14, 1990 flood. T. at 213-216. Steven Garnack testified the extensive flooding had never happened before. T. at 188-189. In ruling on the directed verdict as to punitive damages, the trial court stated "the unilateral act of Conrail to enlarge the culverts would potentially cause damage to the downstream inhabitants" and "this was a storm that caused the water to rise in a way that it had never, ever occurred before." T. at 1064, 1065. I concur with the trial court's analysis that the evidence construed most favorably for the property owners and taken from their own witnesses' mouths proves that this rain storm produced a once in twenty-five year flood and the water had never run so quickly or so far before. Therefore, appellants failed to establish that appellees were aware of a great probability that substantial harm would occur. On Assignment of Error I, I would deny the assignment. As for assignment of Error II, I concur with the majority.