OPINION
Plaintiff-appellee Kimberly Polhamus was married to the son of defendant-appellant Clifford Polhamus. They were divorced in March, 1998. Pursuant to the terms of the divorce decree, real property owned jointly by Kimberly and Joe Polhamus was to be sold, with the net proceeds to be placed in a trust account for the benefit of their minor child, plaintiff-appellee Courtney Polhamus.
Sixteen days after the divorce decree, Clifford Polhamus recorded an affidavit for a mechanic's lien, claiming that he was owed $15,000 for some gravel he had put down on Kimberly Polhamus's driveway.
Kimberly Polhamus, for herself and for Courtney, brought this action to declare the lien invalid, and to recover compensatory and punitive damages, and attorneys fees. Kimberly Polhamus alleged that Clifford Polhamus's actions were motivated by malice and ill will toward her.
Kimberly Polhamus and her counsel appeared for trial, but neither Clifford Polhamus nor his counsel appeared. Following a trial, the court, which had already rendered a summary judgment determining the mechanic's lien to invalid, entered a judgment awarding Kimberly Polhamus special damages in the amount of $1,660, attorney fees in the amount of $1,060 and punitive damages in the amount of $25,000. Courtney Polhamus was awarded special damages in the amount of $80.30 and $25,000 as punitive damages.
From the judgment, Clifford Polhamus appeals.
 II
Clifford Polhamus's assignments of error are as follows:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN AWARDING ATTORNEY FEES AND PUNITIVE DAMAGES TO KIMBERLY POLHAMUS AND COURTNEY POLHAMUS WHERE IT WAS NOT SUFFICIENTLY PROVEN BY TESTIMONY AND FACT THAT EACH WERE ENTITLED TO SAME.
 IN AN ACTION FOR PUNITIVE DAMAGES PREDICATED ON SLANDER OF TITLE WHERE RECORD FAILS TO SHOW SUFFICIENT EVIDENCE THAT PLAINTIFF HAS ESTABLISHED THE ESSENTIAL ELEMENTS NECESSARY FOR PUNITIVE DAMAGES, A TRIAL COURT HAS THE DUTY TO DENY THE AWARDING OF PUNITIVE DAMAGES.
Clifford Polhamus's essential contention is that there is insufficient evidence in the record to support an award of punitive damages. He cites Preston v. Murty (1987), 32 Ohio St.3d 334, for the proposition that actual malice, necessary for an award of punitive damages, is: (1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge; or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm. Id. Syllabus.
In the case before us, Kimberly Polhamus alleged that Clifford Polhamus was motivated by malice and ill will in filing an invalid affidavit for mechanic's lien against her property.
At trial, Kimberly Polhamus testified that, in her opinion, Clifford Polhamus was motivated by malice, ill will and hatred in filing the invalid affidavit of mechanic's lien upon her property. In support of this conclusion, she testified as follows:
 He told me that I was not going to be able to sell that property because he was going to put a lien on it so I couldn't sell it and I couldn't get the money to put in the trust fund for my daughter, because he put a driveway in and he said it was worth Fifteen Thousand Dollars. And that's — and he told me that the games were going to begin, is what he told me.
We conclude that there is evidence in the record to support the trial court's finding that Clifford Polhamus was motivated by hatred, ill will or a spirit of revenge when he filed the invalid mechanic's lien affidavit.
Clifford Polhamus makes a passing assertion in his brief that the invalidity of his mechanic's lien was never proved at trial. The invalidity of his purported lien was the subject of a partial summary judgment, rendered against him on the basis that the lien was not timely filed. Clifford Polhamus has not appealed from the summary judgment rendered against him, and has made no argument that his lien was timely filed. Accordingly, we conclude that the trial court correctly rendered summary judgment against Clifford Polhamus on the issue of the validity of his lien.
Clifford Polhamus also argues that there is insufficient evidence to support compensatory damages. Kimberly Polhamus testified that she had procured a buyer for the real estate in April, 1998, but was unable to sell the real estate because of the mechanic's lien. She testified that she ultimately sold the property to the same buyer in May, 1999, at the same price that had been originally agreed upon. She testified that, because of the pendency of the lien, she had to make "half payments on the Two Hundred Ninety-Four Dollars, from April of 1998 through May of 1999," that she otherwise would not have had to make. We take these payments to be the mortgage payments on the property that Kimberly Polhamus and her former husband, Joe Polhamus, were required to share, equally, until the property was sold, pursuant to the terms of their divorce decree, which was received in evidence in the case before us.
By our calculation, half of the monthly payment of $294.44, times 13 months, is $1,913.86. This is more than the $1,660 that was awarded to Kimberly Polhamus as compensatory damages.
Courtney Polhamus was awarded $80.30 for compensatory damages. We have found nothing in the record indicating how the amount of Courtney Polhamus's damages were calculated. We note, however, that because the sale of the property was delayed by more than a year as a result of Clifford Polhamus's tortious conduct, the delivery of the net proceeds of that sale into a trust account for the benefit of Courtney Polhamus was similarly delayed. We have found nothing in the record to indicate the extent, actual or probable, of the net proceeds. However, even using a modest rate of return of 3% per annum, net proceeds less than $3,000 would produce a yield of more than $80.00 over a one-year period. Under these circumstances, we are not prepared to say that the award of compensatory damages to Courtney Polhamus in the amount of $80.30 is against the manifest weight of the evidence, or is an abuse of discretion. The trial court could infer that the property in question had some minimal value. In any event, Clifford Polhamus has not assigned as error the award of compensatory damages to Courtney Polhamus.
Clifford Polhamus further argues that there is no evidence in the record to support a finding that he was motivated by hatred, ill will or a spirit of revenge against the four-year-old Courtney. In our view, the trial court was merely required to find that Clifford Polhamus was motivated by hatred, ill will or a spirit of revenge, not that these feelings had Courtney as their object. Clifford Polhamus cites no cases requiring that the malice found must have been directed against the injured party. An analogy is the doctrine of transferred intent in criminal law. For offenses requiring a specific intent to injure another, like Murder, it is sufficient that the defendant intended to injure another, and that the natural and probable consequences of the defendant's acts causes injury, even if the victim and the intended victim are not the same person. State v. Mullins (1992),76 Ohio App.3d 633.
We see no reason not to apply the doctrine of transferred intent to civil cases involving punitive damages. If a defendant acts maliciously to harm A and, as a proximate result, harms B but not A, perhaps because the defendant mistakes B for A, we see no reason why B should not recover punitive damages from the defendant. The defendant is guilty of reprehensible conduct deserving punishment, and B is the victim, although not the intended victim, of that conduct.
In our view, the trial court properly awarded punitive damages to Courtney Polhamus as well as to her mother. We do not find the amount of each award, $25,000, to be excessive under the circumstances.
Finally, Clifford Polhamus objects to the award of attorneys fees. The finding of hatred, ill will or a spirit of revenge, which we have previously found to be supported by the evidence in this record, would also justify an award of attorneys fees. At trial, Kimberly Polhamus introduced in evidence an itemized billing reflecting totaled fees of $1,060, and she presented the testimony of an expert witness that those fees were reasonably incurred in the litigation to clear title to the property. Accordingly, we conclude that the trial court's award of attorneys fees in amount of $1,060 is supported by the evidence in the record.
Both of Clifford Polhamus's assignments of error are overruled.
 III
Both of Clifford Polhamus's assignments of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and YOUNG, JJ., concur.
Copies mailed to:
Jose M. Lopez
Tod A. Cyster
Hon. Jeffrey Welbaum