DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Vincent A. Meeker, appeals from the judgment of the Summit County Court of Common Pleas granting summary judgment on his claim for punitive damages. We affirm.
 I {¶ 2} Meeker alleges that, on December 8, 2006, he was driving a pickup truck with a snow plow attached when he was struck by a semi truck driven by Kenneth R. Hymes during the course and scope of Hymes' employment with Graves Lumber Co. ("Graves"). Meeker alleges that Hymes traveled through a red light, failed to yield, and struck the front corner of Meeker's snow plow with the rear wheel of the semi. Hymes contends that he had a green light, swerved to avoid striking Meeker's pickup truck as it entered the intersection, and was unaware of any contact between the two vehicles. Hymes continued driving down the road. Meeker followed Hymes a short distance and signaled him to pull over. After arriving on the scene, a Cuyahoga *Page 2 
Falls police officer cited Hymes for a traffic control signal violation. Hymes pled "no contest" to the violation and was found guilty by the Cuyahoga Falls Municipal Court.
 {¶ 3} Meeker filed a complaint in the Summit County Court of Common Pleas against Graves and Hymes, alleging property damage, but not personal injury. The complaint requested both compensatory and punitive damages. On October 15, 2007, Graves and Hymes filed a motion for partial summary judgment as to the claim for punitive damages. Meeker filed in opposition to the motion. On December 27, 2007, the trial court granted the motion for summary judgment on the issue of punitive damages and noted that the parties had reached a settlement on the issue of compensatory damages.
 {¶ 4} Meeker timely appealed, raising three assignments of error for our review. We combine the assignments of error for analysis purposes.
 II Assignment of Error Number One "THE TRIAL COURT'S DECISION ERRED IN FAILING TO IDENTIFY AND INCLUDE AN ACCOUNT OF ALL THE EVIDENCED ADDUCED, WHICH MANIFESTLY CHALLENGES THE COURT'S LIMITED VIEW OF THE ESSENTIAL FACTS AND A CONCLUSION THAT THERE IS NO DISPUTE OF THE FACTS."
 Assignment of Error Number Two "THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF A CLAIM FOR PUNITIVE DAMAGES BY CONSTRUING THE FACTS MOST STRONGLY IN FAVOR OF THE MOVING PARTIES, THE DEFENDANTS-APPELLEES, AND NOT IN FAVOR OF APPELLANT."
 Assignment of Error Number Three "THE TRIAL COURT ERRED IN FAILING TO FIND THAT MORE THAN ORDINARY NEGLIGENCE HAS BEEN PRESENTED FOR DETERMINATION BY A JURY AS TO THE FACTS ADDUCED BY THE *Page 3 
DEPOSITIONS OF PLAINTIFF-APPELLANT, APPELLEE HYMES AND ACCIDENT WITNESS KARIN MARSHALL."
 {¶ 5} In his assignments of error, Meeker alleges that the trial court erred in granting summary judgment by failing to consider all of the evidence before it, by construing the facts most strongly in favor of the moving parties, and by failing to find that the evidence did not warrant a jury trial. We disagree.
 {¶ 6} This Court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 7} Pursuant to Civ. R. 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 8} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ. R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead *Page 4 
must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v. Henkle (1991),75 Ohio App.3d 732, 735.
 {¶ 9} The issue before this Court is whether the trial court erred in granting summary judgment to Graves and Hymes on Meeker's claim for punitive damages. "An award of punitive damages in a tort case may be made only upon a finding of actual malice on the part of the defendant."Niskanen v. Giant Eagle, Inc., 9th Dist. No. 23445, 2008-Ohio-1385, at ¶ 38, citing Calmes v. Goodyear Tire Rubber Co. (1991),61 Ohio St.3d 470, 473. "`Actual malice' for these purposes is `(1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm.'" (Emphasis omitted.) Calmes, 61 Ohio St.3d at 473, quoting Preston v. Murty (1987), 32 Ohio St.3d 334, syllabus.
 {¶ 10} In his first assignment of error, Meeker contends that the trial court failed to consider all of the evidence before it, thereby prejudicing its finding that there was no dispute as to material facts with respect to the motion for summary judgment. We disagree. Our review of the record causes us to reach the same conclusion as the trial court; namely that Graves and Hymes met their Dresher burden of showing no genuine issue of material fact and Meeker failed to meet his reciprocal burden of showing that there was a material dispute in fact.
 {¶ 11} The parties disagree as to whether Hymes entered the intersection when the traffic signal was red or green. Hymes thought the signal was green; Meeker thought it was red. However, even if the signal was red, this alone would not evidence malice or conscious disregard for the rights and safety of others. Similarly, Hymes' pleading "no contest" to a traffic control signal violation does not indicate reckless conduct rising to the level of malice or conscious disregard. *Page 5 
 {¶ 12} The evidence is undisputed that Hymes swerved to the left upon approaching the intersection. Hymes indicated that he swerved to avoid an accident. His evasive action, if anything, evidences a concern for the rights and safety of others. There is no evidence indicating that Hymes was exceeding posted speed limits or driving erratically prior to this evasive maneuver.
 {¶ 13} While Hymes continued driving down the road after the accident, it is undisputed that he stopped when Meeker signaled him over and that he fully cooperated with the police officer who arrived on the scene. Hymes indicated he was not aware of any contact with Meeker's vehicle. The evidence indicates that the rear wheel of Hymes' semi struck the snow plow on Meeker's truck. However, while the corner of Meeker's snow plow was bent, the wheel rim on Hymes' semi was not damaged and the tire sustained no damage beyond a scuff mark. Further, Karin Marshall, the commercial truck driver who witnessed the accident, indicated that in her experience, the driver of a semi can hit things and not even be aware of it, especially if the impact is to the rear of the truck.
 {¶ 14} After reviewing all of the evidence before us, we conclude that the trial court did not err in finding that there was no material dispute in fact as to whether Hymes acted with malice or conscious disregard for the rights and safety of others. As such, Meeker's first assignment of error is overruled.
 {¶ 15} In his second assignment of error, Meeker contends that the trial court erred in granting Graves' and Hymes' motion for summary judgment by failing to construe the facts in the light most favorable to the non-moving party. Again, we disagree.
 {¶ 16} The facts most favorable to Meeker concerning whether there was evidence from which a trier of fact could reasonably find conduct displaying conscious disregard are that, upon *Page 6 
approaching the intersection, Hymes swerved his semi to the left, passed two stopped vehicles, entered the intersection on a red light, struck Meeker's snow plow blade with the rear wheel of his semi, proceeded through the intersection, and continued driving until Meeker signaled him over. There is nothing in this set of facts to indicate that Hymes was operating his semi in a reckless manner such that would evidence a conscious disregard for the rights and safety of others.
 {¶ 17} In construing the facts in the light most favorable to Meeker, we conclude that the trial court did not err in granting the motion for summary judgment on punitive damages. Therefore, Meeker's second assignment of error is overruled.
 {¶ 18} In his third assignment of error, Meeker argues that the facts in evidence support a jury determination as to whether Hymes' conduct went beyond mere negligence and constituted reckless operation evidencing a conscious disregard for the rights and safety of others. Once again, we disagree.
 {¶ 19} The record in this case reveals no surrounding circumstances such that Hymes' conduct could reasonably be construed as reckless operation evidencing conscious disregard. There is no evidence that Hymes was speeding or otherwise driving erratically upon approaching the intersection. There is no indication that Hymes had consumed any alcohol on the day of the accident or that he was otherwise impaired. There is nothing to suggest that Hymes' windows weren't clear. Also, Hymes does not wear corrective lenses. By swerving at the intersection, Hymes tried to avoid a dangerous situation, not create one. Although Hymes was cited for a traffic control signal violation, he was not cited for willful or wanton disregard of safety on the highways. *Page 7 
 {¶ 20} The record indicates that reasonable minds could only conclude that Hymes' conduct did not rise to the level of conscious disregard for the rights and safety of others such that would warrant punitive damages. As such, the trial court did not err in granting Graves' and Hymes' motion for summary judgment. Meeker's third assignment of error is overruled.
 III {¶ 21} Meeker's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
 Costs taxed to Appellant. *Page 8 
 SLABY, P.J., DICKINSON, J. CONCUR *Page 1