[Cite as *Sanders v. Clark*, 2016-Ohio-7267.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| JODI SANDERS, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2016-T-0041** |
| MONICA CLARK, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas.
Case No. 2015 CV 00961.

Judgment: Reversed and remanded.

*Michael D. Rossi*, Guarnieri & Secrest, P.L.L., 151 East Market Street, P.O. Box 4270, Warren, OH 44482 (For Plaintiff-Appellant).

*Anne C. Fantelli*, Meyers, Roman, Friedberg & Lewis, Eton Tower, 28601 Chagrin Boulevard, Suite 500, Cleveland, OH 44122 (For Defendant-Appellee).

TIMOTHY P. CANNON, J.

{¶1} Appellant, Jodi Sanders, appeals the judgment of the Trumbull County Court of Common Pleas granting actual damages in the amount of $127.50 and punitive damages in the amount of $5,000.00 in her favor.

{¶2} On May 15, 2015, appellant filed a complaint against appellee, Monica Clark, in the Trumbull County Court of Common Pleas, alleging invasion of privacy for the publication of appellant's private affairs. On August 19, 2015, after appellee failed

to move or plead, appellant filed a motion for default judgment. On September 29, 2015, the court granted appellant's motion for default judgment and awarded judgment in her favor, reserving the issue of damages. The matter was set for a hearing before a magistrate on the issue of damages.

{¶3} The magistrate's decision was filed on February 3, 2016, following the hearing. The magistrate's decision did not include separate findings of fact and conclusions of law. In a general decision, the magistrate stated that "[t]hough this hearing regarded only damages because the Plaintiff was granted a judgment by default as Defendant failed to answer the complaint, Plaintiff established her claim." The magistrate recommended judgment against appellee for actual damages for loss of wages in the amount of $127.50. The magistrate also found that appellee acted with a conscious disregard for the rights of appellant that amounted to actual malice and accordingly recommended punitive damages in the amount of $5,000.00.

{¶4} Following the filing of the magistrate's decision, appellant did not request that the magistrate file findings of fact and conclusions of law.

{¶5} On February 17, 2016, appellant filed an objection to the magistrate's decision of February 3, 2016. Appellant maintained that the magistrate "erred in making no award whatsoever for [appellant's] 'shame, humiliation, embarrassment, anger, and emotional distress' that naturally and necessarily resulted from [appellee's] wrongful act." Appellant stated that, "[p]resumably, the Magistrate misapprehended 'actual damages' to mean damages for economic loss alone * * * without regard for damages resulting from noneconomic loss."

**{¶6}** The trial court entered judgment on April 19, 2016, overruling appellant's objection in full and adopting the magistrate's decision in its entirety. The court entered judgment in favor of appellant for actual damages of $127.50 and for punitive damages in the amount of $5,000.00. The court also noted that appellant did not provide the court with a transcript of the evidence submitted to the magistrate pursuant to Civ.R. 53(D)(3)(b).

**{¶7}** Appellant filed a timely notice of appeal from the April 19, 2016 judgment.

**{¶8}** On appeal, appellant assigns a single assignment of error:

**{¶9}** "The trial court erred in adopting and affirming the Magistrate's Decision in its entirety."

**{¶10}** Appellant argues the trial court should not have overruled her objection to the magistrate's decision and that she was not required to provide a transcript "where the nature of [her] objection is 'legal,' without regard for any factual findings." Appellant argues the magistrate found appellant suffered emotional, noneconomic harm but failed to appropriately apply the law because, although appellant was awarded special damages for her lost wages, she was not awarded general damages for the noneconomic harm associated with her claim.

**{¶11}** We review a trial court's determination to adopt a magistrate's decision for an abuse of discretion. *In re Guardianship of Salaben*, 11th Dist. Ashtabula No. 2008-A-0037, 2008-Ohio-6989, ¶39 (citations omitted). An abuse of discretion implies the trial court acted in a way that was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983) (citations omitted).

**{¶12}** Pursuant to Civ.R. 53(D)(3)(b)(iii),

> [a]n objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available.

"'Without a transcript of the hearing, [a] trial court [is] required to accept all of the magistrate's findings of fact as true and only review the magistrate's conclusions of law based upon the accepted findings of fact. It follows that [the appellate court] must do the same.'" *Stewart v. Hickory Hills Apts.*, 9th Dist. Medina No. 14CA0038-M, 2015-Ohio-5046, ¶11, quoting *Walker v. Lou Restoration*, 9th Dist. Summit No. 26236, 2012-Ohio-4031, ¶6 (internal citations omitted). Pursuant to Civ.R. 53(D)(3)(a)(ii), a magistrate's decision "may be general unless findings of fact and conclusions of law are timely requested by a party or otherwise required by law."

{¶13} In the present case, although the magistrate's decision did not include findings of fact and conclusions of law, the magistrate did analyze the applicable law and summarize some of the evidence of damages apparently presented by appellant at the hearing held before the magistrate. Appellant objected to the magistrate's decision, but failed to file a transcript of the proceedings before the magistrate. As such, in considering appellant's objections to the magistrate's decision, the trial court was limited to reviewing the general decision of the magistrate and the court file. The trial court properly noted appellant's failure to file a transcript and the requirement that it accept as fact the evidence summarized in the magistrate's decision. This court is equally limited in our review.

{¶14} Appellant is appealing an order pertaining to the damages awarded to her following a default judgment in her favor. The standard of review as to a challenge to

4

an award of damages is whether the trial court abused its discretion in its determination of damages. *Reitz v. Giltz & Assocs.*, 11th Dist. Trumbull No. 2005-T-0126, 2006-Ohio-4175, ¶28 (citations omitted).

{¶15} The tort of invasion of privacy protects a mental interest, rather than an economic or pecuniary one. *LeCrone v. Ohio Bell Tel. Co.*, 120 Ohio App. 129, 131 (10th Dist.1963). To recover for invasion of privacy, "[a]ctual damage is not necessary. Proof of the unjustified invasion entitles the plaintiff to at least nominal damages, and the [trier of fact] may award substantial damages. Special pecuniary loss as well as punitive damages may be recovered if pleaded and proved." *Id.* at 131-132; *see also Filotei v. Booth Broadcasting, Co.*, 8th Dist. Cuyahoga No. 43454, 1981 Ohio App. LEXIS 10461, *5 (Dec. 10, 1981) ("[I]t is not necessary to prove actual damages, and * * * proof of the unjustified invasion of privacy entitles the plaintiff to at least nominal damages."). "In an action for invasion of privacy, it is not essential to recovery to allege and prove special damages; if a wrongful invasion of such right is shown, substantial damages for injured feelings and mental anguish alone may be recovered." *Montgomery v. Wiland*, 11th Dist. Portage No. 1534, 1985 Ohio App. LEXIS 7304, *6 (Sept. 27, 1985) (citation omitted).

{¶16} Upon review of the record and accepting as fact the evidence summarized in the magistrate's decision, we find the magistrate's decision reveals a fundamentally flawed legal conclusion. The magistrate found that appellant's "testimony further revealed damages in the form of shame, humiliation, embarrassment, anger, and other mental and emotional distress." The magistrate noted appellee attempted to minimize these damages but concluded that "the damages were not as limited as the Defendant

5

argues as the photo was substantially certain to become public knowledge." As a result, as a matter of law, appellant was entitled to an award of at least some compensatory damage for those enumerated types of harm.

{¶17} It appears the magistrate may have intended to incorporate the award for these items into the punitive damage award. However, that is not the purpose of punitive damages. If punitive damages are appropriate, as they were found to be here, the award for punitive damage is to be considered separate from the award for compensatory damage. Punitive damages are intended to punish and deter conduct. *See Preston v. Murty*, 32 Ohio St.3d 334, 335 (1987). Compensatory damages are intended to compensate and make whole the victim. *See Columbus Finance, Inc. v. Howard*, 42 Ohio St.2d 178, 184 (1975).

{¶18} We also note that, pursuant to R.C. 2315.21(C)(2), "punitive * * * damages are not recoverable from a defendant in question in a tort action unless * * * [t]he trier of fact has returned a verdict or has made a determination * * * of the total compensatory damages recoverable by the plaintiff from the defendant." Additionally, R.C. 2315.21(D)(2)(a) states, in pertinent part, "the court shall not enter judgment for punitive * * * damages in excess of two times the amount of the compensatory damages awarded to the plaintiff from that defendant[.]" Here, the total compensatory damages totaled $127.50 and the punitive damages totaled $5,000.00, well over the limitation contained in the statute. Therefore, as it stands, appellant's award of punitive damages exceeds the amount permitted by law.

{¶19} The trial court erred in adopting the magistrate's decision where the decision made a finding that appellant was damaged but did not award any general

6

compensatory, or even nominal, damages. Appellant's sole assignment of error is with merit.

{¶20} The decision of the Trumbull County Court of Common Pleas is reversed, and this matter is remanded to the trial court or, in the discretion of the trial court to the magistrate for an assessment of compensatory damages for those items of harm identified by the magistrate for which no compensatory damage award was made. Based on the total amount of compensatory damages awarded on remand, appellant's punitive damage award may also require adjustment to comply with R.C. 2315.21(C)(2).

CYNTHIA WESTCOTT RICE, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.