MARY EILEEN KILBANE, P.J., DISSENTING:
 

 {¶ 88} I concur with the majority's resolution of the Nursing Home's second, third, fourth, and fifth assignments of error. However, I respectfully dissent from the majority's decision to vacate the punitive damages award.
 

 {¶ 89} The majority concludes that there was insufficient evidence of malice and the matter should not have gone to the jury. Contrary to the majority's holding, I would find that punitive damages are recoverable under a theory of ratification pursuant to R.C. 2315.21(C)(1), as raised by plaintiff's
 counsel to the trial court during the discussion regarding the Nursing Home's motion for directed verdict and at appellate oral argument. Under R.C. 2315.21(C)(1), punitive damages against the Nursing Home are appropriate only if the Nursing Home ratified malicious conduct by its employees.
 
 Knapp
 
 ,
 
 175 Ohio App.3d 758
 
 ,
 
 2008-Ohio-2023
 
 ,
 
 889 N.E.2d 181
 
 , at ¶ 35.
 

 {¶ 90} Relevant to this appeal, malice is defined as "a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm."
 
 Preston
 
 ,
 
 32 Ohio St.3d 334
 
 ,
 
 512 N.E.2d 1174
 
 , syllabus. The "conscious disregard" concept requires a finding that "the probability of harm occurring is great and that the harm will be substantial."
 
 Preston
 
 at 336,
 
 512 N.E.2d 1174
 
 .
 

 {¶ 91} I would find that the Nursing Home demonstrated a conscious disregard for Mary's safety because it was aware that Jacob was pulling Mary along with his belt, yet the record reveals that the Nursing Home did nothing to prevent it from happening again. In fact, it was so common place that the Nursing Home employees had a name for it-"towing." Right before the incident occurred, Harper (Mary and Jacob's nurse) testified that she shouted out to Jacob that "towing" was not safe. However, Harper did not intervene and stop the "towing," nor did the other employees who were in the hallway as Jacob and Mary passed by them. Nursing Home employees testified that Jacob has "towed" Mary before and this conduct was not safe, yet they continued to allow it to happen. The Nursing Home demonstrated that it tolerated this unsafe behavior by not preventing Jacob from repeatedly "towing" Mary. The Nursing Home did not have an employee accompany Jacob and Mary to the dining hall, and there was no reprimand to employees after this incident.
 

 {¶ 92} For these reasons, I would find that the trial court properly allowed the punitive damages claim to go to the jury. I would further find that the award of attorney fees and costs was also proper.
 

 {¶ 93} Accordingly, I would overrule the Nursing Home's first assignment of error.