## HERMANN v PETERS CAFETERIA, Inc.

Ohio Appeals, 9th Dist, Summit Co

No 2822. Decided March 8, 1937

Gottwald & Breiding, Akron, for appellant.

Benner, McGowan & Lombardi, Akron, for appellee.

## OPINION

DOYLE, J.

This is an appeal by the plaintiff below on questions of law from the Court of Common Pleas, wherein a verdict was rendered for the plaintiff in the amount of $100.

The appellant urges the following alleged errors:

"1. The court erred in its general charge to the jury.

"2. The verdict of the jury is grossly inadequate in view of the undisputed evidence offered by the plaintiff, and was given under the influence of passion and prejudice.

"3. The verdict of the jury is against the weight of the evidence on the question of the nature and extent of plaintiff's injuries, and the amount of the damages sustained by him."

We have examined the various assignments of error, and find:

As to No. 1, no prejudicial error affecting the rights of the plaintiff.

As to No. 2, that the verdict was not rendered as a result of passion and prejudice.

As to Nos. 2 and 3, that the comment made by this court in the case of **Lang v Red Star Transit Co., No. 2800,** Summit County, decided December 2, 1936, **(23 Abs 240)** is equally applicable to this case. The complaint as to damages in that case was the reverse of the complaint herein. Applying the facts of this case to the general rule of law stated therein, we are of the opinion that—

In cases of personal injury, where the amount of the verdict cannot be arrived at by mathematical computation, but is the result of the composite opinion of a jury, and where the facts do not justify a finding that the jury was actuated by passion or prejudice, and the verdict is not so small as to necessarily imply the influence of passion or prejudice, this court, sitting as a reviewing court, can interfere only on the ground that the damages awarded are so inadequate as to justify the court in finding that the verdict in that regard is manifestly against the weight of the evidence; and to justify interference on that ground, the judges of this court must be

unanimously of the opinion that the verdict is not only not supported by the weight of the evidence, but is manifestly against the weight of the evidence.

We are not unanimously of that opinion in this case.

The judgment will be affirmed.

STEVENS, PJ., and WASHBURN, J., concur in judgment.