DECISION AND JUDGMENT ENTRY
On September 30, 1995, appellants Daniel Perry and Denise Batdorf were riding on a motorcycle when they were struck from behind by motorist, appellee Sharon Whitaker. Specifically, Perry and his passenger Batdorf were on the motorcycle stopped at a red light when Whitaker's vehicle struck them from behind at an approximate speed of ten m.p.h. Perry was able to keep his motorcycle from falling to the ground on impact. Neither Perry nor Batdorf sought medical treatment immediately following the accident.
On October 29, 1998, appellants filed a personal injury complaint against appellee.[1] Appellants alleged that as a result of the accident they suffered injury and pain to their necks and backs. Following a jury trial on the issue of damages only, the jurors signed a general verdict form which stated:
 "We, the jury, being duly impaneled, find in favor of the plaintiffs, Daniel Perry and Denise [Batford], and against the defendant, Sharon Whitaker. We further award damages as follows:
Daniel Perry Denise [Batford]
1. medical expenses
past $5,425.90 $7,000
future $0 $0
2. Lost income $0 $0
3. Pain and suffering $0 $0
4. Loss of normal $0 $0
 enjoyment of life and ability to perform usual activities
Total of lines
1 through 4 $5,425.90 $7,000"
On May 26, 2000, appellant's filed a motion for a new trial alleging that the jury awarded inadequate damages. The trial court denied the motion and appellants now appeal that judgment setting forth the following assignments of error:
 "I. THE COURT ERRED IN DENYING PLAINTIFFS' MOTION FOR NEW TRIAL.
 "II. THE COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER, DENYING PLAINTIFFS THE OPPORTUNITY TO DEPOSE DR. SANDERS.
 "III. THE COURT ERRED IN DENYING PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF DR. SANDER WHERE THE DOCTOR DID NOT EXAMINE PERRY, GAVE NO PRIOR NOTICE OF HIS TESTIMONY REGARDING PERRY, AND PROVIDED NO REPORT REGARDING HIS EXAMINATION OF PERRY'S RECORDS."
In their first assignment of error, appellants contend the court erred in denying their motion for a new trial. "Absent a clear determination that the trial court abused its discretion in not granting a new trial pursuant to Civ.R. 59(A)(6), this court cannot disturb the trial court's determination." Youseff v. Parr, Inc. (1990), 69 Ohio App.3d 679. The Supreme Court of Ohio has stated: "`the term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" Statev. Lowe (1994), 69 Ohio St.3d 527, 532 quoting State v. Adams (1980),62 Ohio St.2d 151, 157.
Dr. Jonathan Rohrs, appellant Batdorf's family physician, testified in a deposition that he treated Batdorf for back and neck injuries she sustained in the September 1995 accident. Dr. Rohrs prescribed anti-inflammatory medication and muscle relaxants for her pain and referred her to a neurosurgeon. When asked if he thought Batdorf's injuries were permanent, Dr. Rohrs responded: "Probably. She has ongoing pain from what I understand, * * * this all basically started from the motor vehicle accident." Neurosurgeon Dr. Thomas O'Hara testified in a deposition that he first saw Batdorf in December 1995. Dr. O'Hara testified that in his opinion, Batdorf suffered "whiplash-type injuries" to her neck and back as a result of the September 1995 accident. He further testified "[T]he muscle injuries are most likely going to have some degree of permanence to them. The reason I would have that opinion is because they have continued on for such a long period of time."
Neurologist Dr. James Sanders testified that he conducted an independent medical examination of Batdorf at the request of appellee. As a neurologist, Dr. Sanders testified he treats disorders of the central nervous system. Dr. Sanders first saw Batdorf in November 1997. In preparation for his exam, Dr. Sanders reviewed her emergency room record, her electrodiagnostic study report and her radiology reports. He conducted a physical exam and a detailed neurological exam. Dr. Sanders testified that in his opinion, Batdorf's suffered a soft tissue strain injury to her neck and lower back as a result of the accident. Such injuries, Dr. Sanders opined, are "virtually all healed within four to six weeks." Dr. Sanders further testified that based on his review of Batdorf's MRI films, he believes that she suffers from a degenerative condition in her spine which antedated the September 1995 accident.
At trial, Batdorf testified that she continues to suffer back and neck pain as a result of the accident.
Dr. Daniel J. Sullivan testified in a deposition that he is an orthopedic surgeon with fellowship training in the spine. As part of his fellowship at the State University of New York in Buffalo, he was trained to interpret MRI films. Dr. Sullivan testified that he treated appellant Perry in November 1995 for back pain. Based on his own examination of Perry as well as his interpretation of Perry's MRI films, Dr. Sullivan concluded that Perry suffered from a disk herniation and compression fracture as a result of the September 1995 accident. In the course of his treatment, Dr. Sullivan prescribed a back brace for Perry. Dr. Sullivan testified that the purpose of the brace was to immobilize part of his spine so his fracture could heal and the inflammation could be reduced. Dr. Sullivan testified that patients who suffer from the same kind of injury as Perry's tend to suffer from an "aching-type of arthritic pain" for the rest of their lives unless they choose to have surgery. Some patients continue to suffer pain even after surgery.
Dr. Sanders also reviewed Perry's MRI films at the request of appellee. Dr. Sanders testified that in his opinion, Perry did not have a herniated disk. Perry testified at trial that he continues to experience intermittent back pain.
Civ.R. 59(A)(4) provides that a trial court may grant a new trial on the ground of an excessive or an inadequate award of damages which appears to have been given under the influence of passion or prejudice. This rule codifies case law in Ohio which holds that a jury verdict may be set aside only where the award of damages is so excessive or so inadequate that it appears that the award was made under the influence of passion or prejudice. Toledo, Columbus Ohio River Rd. Co. v. Miller
(1923), 108 Ohio St. 388 . See, also, Hancock v. Norfolk WesternRailway Co. (1987), 39 Ohio App.3d 77, 85; Litchfield v. Morris (1985),25 Ohio App.3d 42, 44; Carter v. Simpson (1984), 16 Ohio App.3d 420,423; Hermann v. Peters Cafeteria, Inc. (1937), 24 Ohio Law Abs. 290, 291. Case law also permits the setting aside of a jury verdict where the amount awarded is so manifestly against the weight of the evidence as to show a misconception by the jury of its duties. Id. Under this latter standard, a new trial is warranted on the ground of the inadequacy of damages where it appears from the record that the jury failed to consider some of the elements of the damages. Toledo Railways Light Co. v.Mason (1910), 81 Ohio St. 463, paragraph one of the syllabus. See, also,Baum v. Augenstein (1983), 10 Ohio App.3d 106, 108.
In this case, appellants were awarded a combined total of $12,425.90 for their past medical expenses, the total amount of their medical bills. This amount is not so grossly inadequate as to imply, in and of itself, a finding that the jury was influenced by passion or prejudice. See Larrissey v. Norwalk Truck Lines, Inc. (1951), 155 Ohio St. 207,222. See, also, Pearson v. Cleveland Acceptance Corp. (1969),17 Ohio App.2d 239, 245.
The question remains, however, as to whether the jury's verdict is supported by the evidence offered at trial. Specifically, appellants contend that the jury, in awarding damage awards for their medical bills, ignored the fact that appellants sought medical treatment because they suffered pain.
A personal injury award of damages generally cannot be mathematically computed, but, rather, is a composite of the opinion of the jury. Benderv. Berbec (Aug. 24, 1990), Lucas App. No. L-89-228, unreported, citingHermann v. Peters Cafeteria, Inc. (1937), 24 Ohio Law Abs. 290, 291. Thus, there is no specific yardstick for determining the amount of damages to be awarded for pain and suffering. Carter, supra, at 423. Due to this fact, a reviewing court is usually reluctant to substitute its judgment for that of the trier-of-fact. Hancock, supra, at 85;Litchfield, supra, at 44. Nevertheless, where pain and consequent suffering has, to some extent, been indicated through medical reports, the testimony of the plaintiff, and/or the testimony of expert medical witnesses, appellate courts have found jury awards inadequate. ToledoRailways Light Co., supra.
In Vanbuskirk v. Pendleton (Jan. 18, 1980), Crawford App. No. 3-79-14, unreported, a plaintiff appealed a verdict awarding him damages for medical expenses incurred as a result of injuries he sustained in a car accident. The plaintiff argued that the damages award was inadequate because it only compensated him for the exact amount of his medical expenses and not for any pain and suffering. In reversing the trial-court's judgment, the appellate court agreed with the plaintiff stating: "While the jury could have by virtue of issues of credibility and conflicting testimony eliminated many other bases for damage it is impossible to eliminate the necessity of a finding of some even though minimal amount of pain as a predicate for this medical treatment." Other Ohio appellate courts have followed the reasoning of the Vanbuskirk court in holding that damage awards representing undisputed special damages, without an award for pain and suffering, are against the manifest weight of the evidence. See, Miller v. Irvin (1988), 49 Ohio App.3d 96; Popsonv. Pennington (Aug. 14, 2000), Clinton App. No. CA99-05-013, unreported;Vieira v. Addison (Aug. 27, 1999), Lake App. No. 98-L-054, unreported;Krauss v. Daniels (June 30, 1999), Wood App. No. WD-98-076, unreported;Boldt v. Kramer (May 14, 1999), Hamilton App. No. C-980235, unreported;Farkas v. Detar (Mar. 25, 1998), Summit App. No. 18271, unreported; andCrosby v. Lenart (Apr. 19, 1995), Wayne App. No. 2896, unreported.
In the present case, appellants testified they experienced pain as a result of the accident. Appellants also offered expert medical testimony of physicians who explained that they treated appellants for pain sustained in the September 1995 accident. The physicians further testified that appellants will likely experience ongoing pain because of their injuries. It follows that the jury failed to consider an element of the damages, i.e., pain and suffering, thereby rendering a judgment that is not supported by the weight of the evidence.[2] While this court will not speculate as to what amount is due appellants for their pain and suffering, they should have received some compensation for that aspect of their claim for damages. Accordingly, the trial court erred in not granting appellants' motion for a new trial. Appellant's first assignment of error is found well-taken.
In their second assignment of error, appellants contend the trial court erred in granting appellee's motion to quash appellants' subpoena of Dr. Sanders. Appellants filed a "notice of deposition" on February 18, 2000 stating that appellants would take Dr. Sanders' deposition on March 15, 2000. The notice further stated
 "[I]n lieu of Dr. Sanders' appearance, he may forward to plaintiffs' counsel on or before said date, the following documents: Any and all records and/or reports that Dr. Sanders has issued to or on behalf of Allstate Insurance Company or Doyle, Lewis Warner, in the past ten (10) years when asked to evaluate a litigant in a personal injury action."
In a later "amended notice of deposition" filed by appellants', they added:
 "[I]n lieu of Dr. Sanders' appearance, he may forward to plaintiffs' counsel on or before said date, the following documents:
"* * *
 "(2) Any and all billing records for independent medical examinations, insurance medical examinations and/or defense medical examinations Dr. Sanders has performed for the last five (5) years.
 "(3) Any and all bills for services rendered to Allstate Insurance Company for the last five (5) years.
 "(4) Any and all bills for services rendered to Doyle, Lewis and Warner for the past five (5) years."
 Appellee asked the court to quash the subpoena alleging that the information sought was "undiscoverable" and/or "overly broad, unduly burdensome."
Under Civ.R. 45(C)(3), a court may quash a subpoena if it subjects a party to an undue burden. Furthermore, the rule provides that when a party moves the court to quash a subpoena, the court shall do so unless the party requesting the subpoena shows a substantial need for the material that cannot be met otherwise without undue hardship and assures that the person under subpoena will be reasonably compensated.
Appellants sought documentation which they believed would show Dr. Sanders to be unfairly biased towards appellee and appellee's counsel. However, appellants failed to show that their need for the material could not be met through other less burdensome means. Moreover, appellants' counsel cross-examined Dr. Sanders at his deposition regarding his payment arrangement with appellee's counsel. Accordingly, the trial court did not abuse its discretion in quashing appellants' subpoena. Appellants' second assignment is found not well-taken.
In their third assignment of error, appellants contend that the trial court erred in admitting the testimony of Dr. Sanders.
The admission or exclusion of evidence rests in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173, 180. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
Appellants contend that Dr. Sanders was not qualified to render an opinion on the condition of appellant Perry. Specifically, Dr. Sanders was not qualified to testify as an expert on bone fractures.
Dr. Sanders testified that as a practicing neurologist since 1980, he specializes in disorders of the brain and spinal cord. Accordingly, we conclude that the trial court did not abuse its discretion in admitting the testimony of Dr. Sanders, and appellants' third assignment of error if found not well-taken.
The judgment of the Wood County Court of Common Pleas is reversed in part and affirmed in part. This cause is remanded to said court for a new trial on the issue of appellants' damages only. Cost assessed to appellee.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ________________________ Melvin L. Resnick, JUDGE
James R. Sherck, J. and Richard W. Knepper, J. CONCUR.
[1] Appellants originally filed suit against appellee on August 23, 1996. The case was dismissed without prejudice with the right to refile.
[2] The dispositive issue of this assignment of error is whether or not the jury's verdict was supported by the weight of the evidence. It is not, as appellee urges, the issue of whether or not the jury returned an inconsistent verdict.