[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on appeal from the Lucas County Court of Common Pleas wherein appellant, Jennifer King, was awarded damages as a result of injury she sustained in an auto accident. The facts giving rise to this appeal are as follows.
 {¶ 2} On May 15, 1997, appellee Mary Michel, driving a Toyota Camry, collided with the rear end of appellant's car while appellant was stopped at a traffic light. It is an
 {¶ 3} undisputed fact that appellee's negligence caused the accident. On November 13, 2001, a jury trial commenced on the issue of damages only. The jurors returned a verdict in the amount of $831.50 or the exact amount of appellant's emergency room bill. Appellant filed a motion for a new trial arguing that the damage award was inadequate in that it failed to include an amount for pain and suffering. The trial court denied appellant's motion. Appellant now appeals setting forth the following assignments of error:
 {¶ 4} "I. The Jury's Verdict Was Inadequate And Failed To Make An Award For Pain And Suffering For Jennifer King."
 {¶ 5} "II. The Jury Verdict Rendered November 13, 2001 To Jennifer King Was Inadequate As Against The Manifest Weight Of The Evidence."
 {¶ 6} A judgment entered on a verdict may be set aside and a new trial granted pursuant to Civ.R. 59 on the grounds that the verdict and judgment are manifestly against the weight of the evidence and contrary to law when the inadequacy of the verdict is so gross as to shock the sense of justice and fairness, or the amount of the verdict cannot be reconciled with the undisputed evidence in the case, or it is apparent that the jury failed to include all the items of damages comprising a plaintiffs claim. Iames v. Murphy (1995), 106 Ohio App.3d 627. "Absent a clear determination that the trial court abused its discretion in not granting a new trial pursuant to Civ.R. 59(A)(6), this court cannot disturb the trial court's determination." Youseff v. Parr, Inc. (1990),69 Ohio App.3d 679. The Supreme Court of Ohio has stated: "`the term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" State v. Lowe (1994), 69 Ohio St.3d 527, 532 quotingState v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 7} Appellant contends that the jury's damage award equaling her emergency room expenses is inadequate and that the jury failed to consider certain elements of damages raised by expert testimony, appellant's testimony and medical records.
 {¶ 8} "A personal injury award of damages generally cannot be mathematically computed, but, rather, is a composite of the opinion of the jury. Bender v. Berbec (Aug. 24, 1990), Lucas App. No. L-89-228, unreported, citing Hermann v. Peters Cafeteria, Inc. (1937), 24 Ohio Law Abs. 290,291. Thus, there is no specific yardstick for determining the amount of damages to be awarded for pain and suffering. Carter, supra, at 423. Due to this fact, a reviewing court is usually reluctant to substitute its judgment for that of the trier-of-fact. Hancock, supra, at 85; Litchfield, supra, at 44. Nevertheless, where pain and consequent suffering has, to some extent, been indicated through medical reports, the testimony of the plaintiff, and/or the testimony of expert medical witnesses, appellate courts have found jury awards inadequate. ToledoRailways Light Co., supra." Perry v. Whitaker, (June 22, 2001), Wood App. No WD-00-065.
 {¶ 9} In support of her assignment of error, appellant cites to this court's decision in Perry v. Whitaker, id. The appellants in Perry
suffered neck injuries when the motorcycle they were riding was struck from behind by appellee's car. As in the instant case, appellants went to trial on the issue of damages only. The jury returned a verdict in the amount of appellant's medical expenses. Appellants were awarded nothing for pain and suffering. Appellants then filed a motion for a new trial arguing that the jury awarded inadequate damages. The trial court denied appellant's motion. This court reversed the trial court's decision stating "*** appellants testified they experienced pain as a result of the accident. Appellants also offered expert medical testimony of physicians who explained that they treated appellants for pain sustained in the September 1995 accident. The physicians further testified that appellants will likely experience ongoing pain because of their injuries. It follows that the jury failed to consider an element of the damages, i.e., pain and suffering, thereby rendering a judgment that is not supported by the weight of the evidence. While this court will not speculate as to what amount is due appellants for their pain and suffering, they should have received some compensation for that aspect of their claim for damages."
 {¶ 10} In the present case, neurosurgeon Dr. Duane Gainsburg testified that he examined appellant. He described her condition resulting from the accident as "whiplash injury with continuing symptoms" or a "chronic cervical sprain." Dr. Gainsburg testified that appellant's injury was permanent and that she is currently suffering from neck pain. Appellant herself testified that she experiences neck pain everyday as a result of the accident. She testified that she has trouble sleeping and that she has been unable to resume her normal activities. Extensive medical documentation of the treatment appellant has received for her injury since the 1997 accident was also admitted into evidence.
 {¶ 11} Based on the above evidence contained in the record and with deference to this court's decision in Perry v. Whitaker, supra, we conclude that the jury failed to consider an element of the damages, i.e., pain and suffering, thereby rendering a judgment that is not supported by the weight of the evidence. Accordingly, we believe that appellant's two assignments of error have merit.
 {¶ 12} Normally, the concurrence of two judges of an appellate panel to reverse would require a reversal of the judgment. However, where a jury's verdict is contested on a manifest weight of the evidence basis, the decision to reverse must be unanimous. See Section 3(B)(3), Article IV, Ohio Constitution. In light of the dissent and the manifest weight of the evidence basis for appellant's two assignments of error, we cannot reverse on the concurrence of two judges. Therefore, the judgment of the Lucas County Court of Common Pleas is affirmed. Cost assessed to appellant.
 JUDGMENT AFFIRMED.
Handwork, P.J., concurs.
Judith Ann Lanzinger, J., dissents.