Tynan, a Minor, Appellant, *v.* Hanlon, Appellee.

(No. 8595—Decided June 8, 1959.)

*Messrs. Cohen, Baron, Druffel & Hogan,* for appellant.
*Messrs. Lindhorst & Dreidame,* for appellee.

Matthews, P. J. On August 24, 1956, James Tynan, a

minor seven years of age, accompanied by his mother, and two sisters slightly older than he, went to the defendant's place of business for the purpose of leaving their dog with defendant while they were away from home. The defendant's business was chiefly that of boarding dogs. James was left outside in the automobile in which they had come while his mother and one of his sisters went into the defendant's office to register their dog and make the arrangements. The defendant and the mother and daughter were assembled in a small space not exceeding six feet in diameter when, without notice by anyone, they were joined by James, and at that exact time he was attacked by defendant's dog, Zip, and injured. This action was filed primarily to recover damages for the physical injuries, and his father sued to recover on account of the necessary expenses incurred as a result of such injuries.

The two actions were consolidated for purposes of trial, and the trial resulted in a verdict for the plaintiff in each case. Both parties were satisfied with the result in the action by the father. The defendant has paid the amount of that verdict and judgment. On this appeal, we are concerned with the case by James.

In James' case the jury returned a verdict for $3,000, and James, through his father as next friend, being aggrieved by certain rulings of the trial court, filed a motion for a new trial, which was overruled, and thereupon he filed this appeal.

As a result of the evidence introduced, the trial court concluded that the plaintiff had produced evidence upon all the elements of an action under Section 955.28, Revised Code, and submitted the case to the jury upon that theory.

The reason for this appeal is that the plaintiff does not agree with the trial court's conclusion that a common-law action for harboring a vicious dog was not proved. It is the contention of plaintiff's counsel that an action recognized at common law for the negligent harboring of a vicious dog after it became known, or should have become known in the exercise of ordinary care, that it was vicious, was proved, and that the court erred in refusing to charge on that theory, and, particularly in refusing to charge on the subject of punitive damages.

This is a rather unusual case. There is no disagreement

between the parties as to the substantive law to be applied. The disagreement is as to what the evidence tended to prove. They agree that the statute (Section 955.28, Revised Code) creates an absolute liability upon the harborer or owner of a dog for the damage, but makes no provision for punitive damages. They also agree that the common-law action in tort still exists, in which punitive damages may be awarded in the reasonable discretion of the trier of the facts. *Hayes* v. *Smith,* 62 Ohio St., 161, 56 N. E., 879; *Kleybolte* v. *Buffon, a Minor,* 89 Ohio St., 61, 105 N. E., 192; *Ziehm* v. *Vale,* 98 Ohio St., 306, 120 N. E., 702, 1 A. L. R., 1381; and *McIntosh* v. *Doddy,* 81 Ohio App., 351, 77 N. E. (2d), 260.

There is some uncertainty as to whether the amended petition contains an allegation that the defendant had prior knowledge that his dog was vicious or savage. The allegation is somewhat vague, but we have concluded to give it that construction, by applying the rule that a pleading should be liberally construed in favor of the pleader.

The evidence in this case shows that James, contrary to the instructions of his mother to stay in the automobile, was in the act of joining his mother and sister in the defendant's office when he was bitten and scratched by the defendant's dog, that up to that time the dog had never been known to have attacked any human being, and was known as a gentle and friendly dog. The defendant could not have known that she—it was a female—was a vicious dog, because she had displayed no vicious traits up to that time. Her conduct on that occasion was inconsistent with her prior behaviour. But this female dog had given birth to a litter of pups the day before, and evidence was introduced to the effect that under such circumstances the mother has a protective attitude toward her young, and that was characteristic of dogs generally, and particularly of dogs of that breed. It is said that a female dog will attack anyone who interferes with or approaches her young.

Now assuming that this knowledge of this general characteristic satisfies the requirement of notice of viciousness as a necessary element of the common-law action, what is the evidence as to the conduct of this boy and dog on this occasion? Is there any evidence that the mother instinct had anything to

do with this attack? The boy was in the defendant's office, standing close to his mother and sister. He had not been close to the pen where the litter was. That was in another room, separated by a wall in which there was a door. No one saw the dog as it approached. It is suggested that she was with her litter, and, if so, she could not have seen the plaintiff from that position, and that she jumped out of the pen, went through a door in the partition, which was ajar, and traveled about 15 feet to reach the plaintiff. Assuming that the dog went the shortest way possible, she would have had to travel some 20 feet or more to reach the plaintiff. If the natural protective instinct is to be the equivalent of viciousness or savageness, we would have to assume that in some way the plaintiff had aroused this latent instinct, and that the female dog had left the litter pen, gone through the door, into the other room, and traveled some fifteen feet to wreak her vengeance upon him, which would be a strange way of protecting her litter.

We are of the opinion that the evidence fails to show any direct or proximate relationship or any other relationship between the alleged protective instinct of the mother dog and her conduct on this occasion. To establish a connection would require indulgence in pure speculation.

We find no prejudicial error in the record.

The judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

O'CONNELL, J., concurs.