CARTER, APPELLEE, *v.* SIMPSON ET AL., APPELLANTS.

(No. 83AP-1004—Decided May 17, 1984.)

Messrs. *Sheward & Weiner* and *Mr. Samuel Weiner,* for appellee.

Messrs. *Bell, White & Ross,* Ms. *Doris M. Clanton* and *Mr. Leo P. Ross,* for appellants.

McCORMAC, P.J. Herman B. Carter, plaintiff-appellee, a Columbus police officer, commenced an action in the Court of Common Pleas of Franklin County alleging that defendant-appellant, James Edward Simpson, negligently operated his motor vehicle onto plaintiff's foot, and negligently and intentionally failed to remove the vehicle, causing injury to his foot. Plaintiff sought $12,500 compensatory damages and $12,500 punitive damages.

Defendant answered and counterclaimed, joining his wife, Germaine, and son, James E. Simpson, Jr., as parties to the counterclaim. He alleged that plaintiff was injured through his sole negligence and that plaintiff assumed the risk of his injury. He denied any misconduct on his part. Defendant counterclaimed for compensatory and punitive damages for assault, false imprisonment, wrongful arrest, and malicious prosecution.

The case was tried to a jury, which found for plaintiff on his complaint assessing compensatory damages of $4,842.48, reduced by nineteen percent for comparative negligence, for a net judgment of $3,922.17. No punitive damages were assessed. The jury found for plaintiff on the counterclaim.

Defendants have appealed, asserting the following assignments of error:

"I. The verdict of the jury was error as it was against the manifest weight of the evidence.

"II. The trial court erred by not granting motion for new trial of defendants-appellants as the award of damages was excessive.

"III. The trial court erred in refusing to allow appellants to introduce evidence or elicit testimony regarding the use of force file of plaintiff-appellee.

"IV. The trial court erred by abusing its discretion by not granting the motion for judgment notwithstanding the verdict or new trial of defendants-appellants.

"V. The trial court erred by refusing to allow defendants-appellants to elicit demonstrative evidence from witnesses."

Carter, a ten-year veteran of the Columbus Police Department and an experienced traffic control officer, was directing traffic as a special duty officer for the Columbus Clippers on July 17, 1980, at about 6:50 p.m. At that time, defendant refused to obey Carter's hand and verbal traffic signals because he felt that the officer was unreasonably preventing him from changing lanes to enter Franklin County Stadium. Traffic was quite heavy because the San Diego Chicken was a feature attraction.

There was a substantial conflict in testimony as to what happened next. Carter testified that he approached defendant's 1971 VW Van and told him that he could not change lanes to the curb lane. Carter said that he physically blocked the van from turning into the curb lane, but that defendant continued to disobey his order to proceed ahead in the lane in which his van was resting. Carter then approached the passenger's side of the vehicle and, when defendant continued to disobey his traffic signals, he walked around to the driver's side and told defendant that he was under arrest. Carter reached his arm into the van to turn off the ignition and to remove defendant from the vehicle. At that point, for reasons unknown to Carter, the van moved and its tire was resting on his foot, causing him considerable pain. He ordered defendant several times to move the van off his foot and, when defendant failed to do so, Carter ordered him to do so at gunpoint. Carter testified that he felt that defendant did not intentionally operate his motor vehicle onto his foot initially, but that he intentionally failed to remove it upon being ordered to do so, causing him additional injury.

Defendant testified that he refused to obey Carter's order to proceed without changing lanes because it would require him to reenter the freeway rather than to be able to enter county stadium, as he intended. Defendant insisted that he never operated his van onto defendant's foot, either negligently or intentionally, and stated that it was impossible for him to have done so. Defendant denied resisting arrest or assault.

Carter charged defendant with assault, resisting arrest, and disregarding an officer's signal. Defendant was found guilty in criminal court of disregarding an officer's signal, a minor misdemeanor. The assault charge was dismissed by the prosecutor, and defendant was found not guilty of resisting arrest.

The jury found, in answers to interrogatories, that defendant negligently operated his van onto plaintiff's foot, but that his failure to remove the van promptly was not intentional. The jury found that Carter had probable cause to charge defendant with assault.

In his first assignment of error, defendant asserts that the verdict for plaintiff, based upon negligence, was against the manifest weight of the evidence. There is no substance to that contention.

It is the function of the reviewing court to determine only whether there was competent credible evidence to support the conclusion of the trier of fact.

*C.E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St. 2d 279 [8 O.O.3d 261].

Although Carter did not know why the stopped van moved onto his foot as he was standing next to the van reaching with his arm inside the van, the fact that it did so was evidence from which the jury could find that defendant negligently failed to keep his vehicle under control, proximately causing the injury of Carter. Defendant did not claim that Carter interfered with his control of the vehicle by reaching into it, causing him, without fault, to lose control of the vehicle. Defendant simply denied that the event even occurred. There was no requirement that plaintiff describe exactly why the van moved, injuring him. Moreover, if Carter's testimony is believed, defendant was negligent in failing to promptly move the van off plaintiff's foot.

There was substantial corroborating evidence that defendant caused his vehicle to move onto plaintiff's foot. Plaintiff left the stadium shortly after the alleged injury to go to Grant Hospital emergency room for X-rays and treatment of his foot. A fellow officer testified that plaintiff was limping. The hospital records show a diagnosis of "contused foot." There was evidence that Carter missed six days' work immediately thereafter. Pictures of the boot Carter was wearing on the injured foot, purportedly showing damage from impact of the 4,960 pound van, were introduced into evidence.

The jury was permitted to consider comparative negligence on the part of plaintiff because there was testimony that the manner in which he approached defendant's vehicle was not a safe way to proceed. The jury found fault to be allocated, eighty-one percent to defendant and nineteen percent to plaintiff, and reduced plaintiff's verdict by nineteen percent.

There was ample evidence that defendant was negligent, proximately causing plaintiff's injury.

Defendant also contends that the verdict for plaintiff on the counterclaim for damages for false arrest was against the manifest weight of the evidence.

Plaintiff concedes that R.C. 2935.26 limited Carter's power to issuance of a citation for the minor misdemeanor of disregarding a traffic signal under the facts of this case, and that he had no authority to arrest defendant for the offense. However, the trial court instructed the jury that they must determine what damages defendant suffered in making an award for damages for false arrest. The court further instructed the jury that, if defendant's arrest for failure to obey a lawful traffic order was contrary to law, but if there was probable cause for arrest for resisting or for assault, the jury could award only those damages proximately caused by Carter's conduct between the time of defendant's arrest for failure to obey a lawful order of the police officer and the time defendant was lawfully arrested for assault or resisting arrest. The jury found in an answer to an interrogatory that there was probable cause for arresting defendant for assault, apparently based upon the evidence that defendant failed to remove his vehicle from Carter's foot, although repeatedly ordered to do so, finally at gunpoint. Apparently the jury found that there were no damages caused defendant in the very short time that elapsed between the concededly unlawful arrest for disregarding the traffic signal and the lawful arrest for assault. Defendant did not object to the court's instructions to the jury.

The verdict for plaintiff on the counterclaim for false arrest is not against the manifest weight of the evidence.

Defendant's first assignment of error is overruled.

Defendant next asserts that the damages awarded plaintiff were excessive based upon passion and prejudice, or prejudice of the jury, and that a

new trial should have been awarded for this reason. Plaintiff's evidence was that he was in considerable pain at the time of the injury and that he went to Grant Hospital emergency room shortly thereafter. He was found to have a contused foot. Plaintiff was unable to work either regular duty or special duty for the next six days. His Grant Hospital emergency room bill was $55, and he lost regular wages of $432.48, plus special duty wages of $150. Carter testified that his five toes were bruised and that, for the next two months, he could not jog, play basketball, or do other things of this nature.

The assessment of damages is a matter within the province of the jury. There is no specific yardstick for determining the amount of damages to be awarded for pain and suffering or disability. The jury's determination of damages should not be set aside unless the damages awarded were so excessive as to appear to have been awarded as a result of passion or prejudice, or unless the amount is so manifestly against the weight of the evidence as to show a misconception by the jury of its duties. *Toledo, C. & O. River Rd. Co.* v. *Miller* (1923), 108 Ohio St. 389.

While the jury verdict was high, it was not so excessive to show that the jury either lost its way or awarded the damages for reasons of improper passion or prejudice.

Defendant's second assignment of error is overruled.

Defendant next argues that the trial court erred in refusing defendant the opportunity to introduce into evidence the police personnel file of plaintiff, which allegedly would show that, during plaintiff's ten-year career with the Columbus Police Department, there were other instances of excess force or improper behavior on his behalf.

Defendant argues that the evidence was admissible, pursuant to Evid. R. 406, as habit of plaintiff.

Evid. R. 406, as pertinent, reads as follows:

"Evidence of the habit of a person * * * whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person * * * on a particular occasion was in conformity with the habit * * *."

Ohio Evid. R. 406 is stated in language identical to that of Fed. R. Evid. 406.

The Federal Evidence Rules Advisory Committee quotes McCormick on Evidence (1954) 340, Section 162, which describes a habit as a person's regular practice of meeting a particular kind of situation with a specific type of conduct, such as the habit of going down a particular stairway two stairs at a time, or giving the hand signal for a left turn, or of alighting from railway cars while they are moving. The rationale for the relevancy of habit to a particular mode of conduct is that habitual acts may become semi-automatic, thus tending to prove that the person acted in the particular case in the same manner.

The evidence in this case falls far short of establishing habit. A few episodes of excessive use of force, whether provable or not, do not constitute proof of a regular practice of meeting a particular kind of situation with a specific type of conduct so that the conduct becomes semi-automatic. Obviously Carter had made many arrests during his ten-year tenure as a Columbus police officer. While he may or may not have acted in a particular and improper fashion on a few of the many arrests, percentages overwhelmingly would tend to indicate that excessive force was an irregular rather than a regular practice. The type of evidence that defendant sought to use concerning Carter's other acts was admissible, if at all, pursuant to Evid. R. 404(B), character, which provides, as pertinent, as follows:

"* * * Evidence of other * * * acts

is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

Defendant sought to prove the other acts of Carter to show that he acted in conformity therewith, a matter specifically rendered inadmissible by Evid. R. 404(B).

The trial court did not err in refusing to permit defendant to introduce plaintiff's police personnel file to show that there were other incidents of excessive force in his ten-year police career.

Defendant's third assignment of error is overruled.

Defendant fourthly asserts that the trial court erred by refusing him the opportunity to use his 1976 VW Van to demonstrate the fact that it was impossible for the accident to occur as plaintiff described.

The record is not clear that defendant insisted upon a demonstration with the 1976 VW Van, or that defendant objected to the ruling of the trial court which, over objection of plaintiff, permitted the jury to view the 1976 VW Van.

The accident occurred while defendant was operating a 1971 VW Van, which had been sold prior to the time the case came on for jury trial. Defendant was permitted to introduce the vehicle specification books for the 1971 van involved in the accident, and a 1976 VW Van, which defendant had purchased prior to trial. There was testimony that there were substantial similarities, but minor differences, between the two vehicles. Defendant's 1976 van was parked in a parking lot adjacent to the Hall of Justice. The trial court permitted the jury to view the 1976 VW Van. The trial court also permitted defendant to relate an experiment that he and his wife had conducted with the 1976 van, which defendant testified showed that it was impossible for the van tire to have run over Carter's foot in the manner that Carter described.

This assignment of error is overruled. Firstly, there was no showing that defendant preserved this error for appellate review. Secondly, even had defendant's objection been preserved by a specific request that a demonstration with the 1976 van be permitted, it was within the discretion of the trial court to deny the request since there were some differences between the 1976 VW Van, with which the demonstration would have been performed, and the 1971 VW Van that was involved in the accident.

Defendant's fourth assignment of error is overruled.

Defendant finally asserts that the trial court erred in refusing to sustain his motions for a new trial and for judgment notwithstanding the verdict.

The only grounds asserted for this assignment of error are those which have previously been discussed in conjunction with the other assignments of error.

Defendant's fifth assignment of error is overruled for the reasons previously expressed.

Defendant's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

NORRIS and LYNCH, JJ., concur.

LYNCH, J., retired, of the Seventh Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.