**VOLZ et al.**

v.

**HUDSON et al.**

Clermont County Municipal Court, Ohio.

No. 2001CVE01511.

Decided Oct. 26, 2001.

---

*Marshall McCachran,* for plaintiffs.

*Jeff Hudson* and *Laura Hudson, pro se.*

VICTOR M. HADDAD, Judge.

This cause came on for trial on August 3, 2001. The court, at the conclusion of the trial, took the case under advisement. The court now renders this written decision. The plaintiffs, Patricia and Thomas Volz, were represented by Marshall McCachran. The defendants, Jeff and Laura Hudson, appeared but were not represented by counsel.

## Findings of Fact

The testimony at trial indicates that on October 5, 1999, plaintiff Patricia Volz, while riding her bike on East Concord Road, in Amelia, Clermont County, Ohio, was repeatedly bitten in the thigh area by the defendants' dog, which had gotten out of the defendants' fenced yard while defendant Jeff Hudson was taking out his trash. Further, the testimony indicates that as the dog continued to bite the plaintiff, defendant Jeff Hudson attempted to pull the dog off plaintiff. As a result of the dog attack, plaintiff Patricia Volz suffered nerve damage to her upper leg and thigh, resulting in medical and prescription bills totaling $322.52. Plaintiff experienced pain in her thigh for at least two months following the attack. Plaintiff now is afraid of all dogs as a result of the attack and no longer rides her bicycle to get the exercise she, as a diabetic, needs. Plaintiff Thomas Volz testified very briefly that his wife was the one who took care of the home office and home duties and that she was unable to perform those duties subsequent to the attack.

Apparently, this attack was not the first made by the dog in question. The dog in question attacked plaintiffs' dog on two separate occasions in 1996. Plaintiff Thomas Volz testified that subsequent to the attack upon his wife, he learned that another individual had previously been attacked by the same dog.

## Conclusions of Law

The first issue for this court's review is the defendants' liability, if any, for their failure to confine or otherwise supervise their dog and for harboring a vicious dog. Under the common law, a plaintiff suing for injuries sustained in a dog attack must show that the defendant "owned or harbored the dog, that the dog was vicious, that the defendant knew of the dog's viciousness, and that the defendant was negligent in keeping the dog." *Flint v. Holbrook* (1992), 80 Ohio App.3d 21, 25–26, 608 N.E.2d 809, 812.

"A claim of negligence requires a duty, a breach of that duty, causation[,] and damages." *Carey v. AK Steel Corp.* (July 13, 1998), Butler App. No. CA98–02–022, unreported, 1998 WL 391183, at * 2. In order to prevail upon a claim of negligence, plaintiff must prove by a preponderance of the evidence that defen-

dants owed her a duty, that they breached that duty, and that the breach proximately caused plaintiff's injuries. *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 285, 21 O.O.3d 177, 179, 423 N.E.2d 467, 469.

■ It is clear from the testimony presented at trial and the supporting case law, that the defendants owed a duty to the plaintiffs by virtue of their ownership of the animal in question. It is further clear that the defendants breached that duty when they (1) failed to adequately confine the animal on October 5, 1999, and (2) on that same date, harbored a dog that had previously shown vicious propensities.

■ "[A] negligent act * * * may be considered the proximate cause of [damages] if the 'natural and continuous sequence produces a result which would not have taken place without the act.'" *Mazzaferri v. Weller Roofing, Inc.* (Nov. 10, 1997), Butler App. No. CA96–10–097, unreported, 1997 WL 700066, at * 3, quoting *Strother*, 67 Ohio St.2d at 287, 21 O.O.3d at 180, 423 N.E.2d at 471. See, also, 1 Ohio Jury Instructions (2001), Section 11.10. The testimony elicited at trial indicates that the defendants' failure to confine the dog, despite the defendants' previous knowledge of the dog's propensity to roam and bite, was a contributing factor to the injuries suffered by the plaintiff. If confined, the dog would not have had an opportunity to attack plaintiff on the date in question.

Based upon the competent and credible evidence adduced at trial and the supporting case law, the court finds that the defendants were negligent in their duty to confine the dog in question, and, thus, orders judgment for medical expenses incurred by the plaintiff in the amount of $322.52.

■ Plaintiff not only seeks compensatory damages for the medical expenses she incurred, but also damages for the pain and suffering she experienced. In awarding damages, the court must discern what will compensate and make the injured party whole. *Fantozzi v. Sandusky Cement Prod. Co.* (1992), 64 Ohio St.3d 601, 612, 597 N.E.2d 474, 482. Unfortunately, as noted in *Carter v. Simpson* (1984) 16 Ohio App.3d 420, 423, 16 OBR 490, 493–494, 476 N.E.2d 705, 708–709, "[t]here is no specific yardstick for determining the amount of damages to be awarded for pain and suffering." "Pain and suffering" is used not only to describe physical discomfort and distress, but also to describe the mental and emotional trauma that are recoverable as elements of compensatory damages. *Fantozzi*, 64 Ohio St.3d at 615, 597 N.E.2d at 484, quoting Black's Law Dictionary (6 Ed.1990) 1109. Mental and emotional trauma encompasses such aspects as " 'fright, nervousness, grief, anxiety, worry, mortification, shock, humiliation, indignity, embarrassment, apprehension, terror[,] or ordeal.'" *Id.*, 64 Ohio St.3d at 615, 597 N.E.2d at 485, quoting *Capelouto v. Kaiser Found. Hosps.* (1972), 7 Cal.3d 889, 892–893, 103 Cal.Rptr. 856, 859, 500 P.2d 880, 883.

■ Patricia Volz suffered physical discomfort initially when attacked by defendants' dog, and she continued to suffer from some amount of physical discomfort for approximately the next two months, due to nerve damage. She also suffered from emotional trauma caused by the attack. Not only did she suffer fright initially when the dog attacked her, but she continues to be frightened and/or apprehensive around dogs, and, consequently, she is too nervous to ride her bicycle around her neighborhood. In light of these injuries, the court awards judgment in the amount of $650 for Patricia Volz's pain and suffering.

■ Plaintiff Thomas Volz seeks to recover for the "loss of services" provided by his wife. His testimony was so general in terms that it provides no means by which the court can determine the extent or character of services that Patricia Volz was unable to perform. In accordance with *Case v. Grandstaff* (May 13, 1985), Crawford App. No. 3–84–3, unreported, 1985 WL 9135, at * 2, the court finds there to be no basis upon which the court can award damages for the loss of Patricia Volz's services.

■ Plaintiff Patricia Volz also requests in her complaint for the court to award punitive damages on the basis that the defendants knowingly harbored a vicious dog. The court, in its reasonable discretion, may award punitive damages in a common-law tort action against the owner of a vicious dog. *Tynan v. Hanlon* (1959), 110 Ohio App. 77, 79, 12 O.O.2d 252, 253, 159 N.E.2d 769, 771, citing *Hayes v. Smith* (1900), 62 Ohio St. 161, 56 N.E. 879. Punitive damages may be awarded where the plaintiff proves actual damages and the defendant's actions demonstrate malice, oppression, fraud, or insult. *Preston v. Murty* (1987), 32 Ohio St.3d 334, 512 N.E.2d 1174. Something more that mere negligence is required. *Id.* at 335, 512 N.E.2d at 1176. In the case *sub judice*, there is no allegation of fraud, insult, or oppression. Therefore, the punitive damages award must necessarily rest on the presence of malice.

■ "The malice necessary for an award of punitive damages is either '(1) that state of mind under which a person's conduct is characterized by hatred, ill will[,] or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm.'" *Schmidt v. Schmidt* (June 30, 2000), Clermont App. No. CA99–10–092, unreported, 2000 WL 895264, at * 3, quoting *Preston* at syllabus. "Malice can be inferred from conduct and surrounding circumstances." *Id.* Further, punitive damages are intended to "punish and deter conduct resulting from a mental state so callous in its disregard for the rights and safety of others that society deems it intolerable." *Calmes v. Goodyear Tire & Rubber Co.* (1991), 61 Ohio St.3d 470, 473, 575 N.E.2d 416, 419. Punitive damages are appropriate in dog bite cases

where the owners know of one attack and still fail to restrain the dog. This conduct indicates a continuing disregard for the safety of others. *Sauer v. Polefko* (Oct. 23, 1985), Medina App. No. 1389, unreported, 1985 WL 10896, at * 5.

It is clear from the evidence presented by both parties that the defendants were aware of the dog's vicious tendencies prior to the above incident. The evidence to support that claim suggests that the same dog that attacked plaintiff Patricia Volz in 1999 previously attacked her dog twice in 1996. Furthermore, the same dog attacked another individual prior to the attack on plaintiff. As a result of defendant's knowledge, together with the testimony regarding the gravity of the injuries suffered by plaintiff Patricia Volz, the court finds that an award for punitive damages is appropriate.

While there was reference at trial to criminal charges being filed against defendant Jeff Hudson for his failure to carry liability insurance as the owner of a vicious dog, the court notes that the criminal charges stemmed from the same incident that caused plaintiff's injuries. Thus, the criminal charges are not being considered in relation to the award for punitive damages, inasmuch as the charges would not have served as prior notice to the defendants. The prior attacks, however, provided the defendants with ample notice.

Based upon the competent and credible evidence adduced at trial and the supporting case law, the court finds and awards the plaintiff punitive damages in an amount three times the compensatory damages shown. The court finds this to be an appropriate amount to punish and deter the defendants, hopefully, from failing to confine a vicious dog in the future. Thus, plaintiff is entitled to recover an additional $2,917.56 (3 × [$322.52 + $650]).

In summary, based upon the foregoing analysis, plaintiff Patricia Volz is entitled to recover compensatory damages for her actual loss in the amount of $972.52 ($322.52 for medical expenses incurred and $650 for pain and suffering), plus an additional $2,917.56 for punitive damages. The court enters judgment on behalf of plaintiff for a total amount of $3,890.08.

This decision shall serve as the final entry in this matter.

*Judgment for plaintiff.*