[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The first assignment of error, alleging that the trial court erred in entering judgment in favor of defendant-appellee Tineshia Graham and in overruling plaintiff-appellant Harvey Batchelor's motion for a new trial, is overruled.
Batchelor argues that the trial court incorrectly instructed the jury on the issues of proximate cause and negligence. Batchelor also argues that the incorrect instructions resulted in a jury verdict that was contrary to law. We disagree.
Batchelor failed to object to the jury instructions. Further, the trial court's instruction to the jury on proximate cause was a near verbatim recitation of the standard Ohio Jury Instruction on proximate cause contained in 1 Ohio Jury Instructions (2001) Section 11.10 and was a correct statement of the law. The jury may have simply found that Batchelor had not proved that Graham's negligence proximately caused his alleged injuries.
The second assignment of error, which alleges that the jury's verdict was against the manifest weight of the evidence, is overruled. We note initially that the testimony of Graham's expert witness, Dr. Bret Feree, has not been transmitted to this court as part of the record on appeal.
"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. MorrisCo. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus. "On the trial of a case, either civil or criminal, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. The assessment of damages is a matter within the province of the jury. SeeRimsky v. Snider (1997), 122 Ohio App.3d 248, 701 N.E.2d 710; Weidner v.Blazic (1994), 98 Ohio App.3d 321, 648 N.E.2d 565; Litchfield v. Morris
(1985), 25 Ohio App.3d 42, 495 N.E.2d 462. The jury is free to accept or reject any or all of the evidence as to damages. See Rimsky v. Snider,supra; Weider v. Blazic, supra; Carter v. Simpson (1984),16 Ohio App.3d 420, 476 N.E.2d 705.
Following a review of the record, we hold that the jury's verdict was supported by competent, credible evidence. The evidence was such that the jury could have found either that Graham's negligence was not the proximate cause of Batchelor's alleged injuries or that Batchelor had suffered no injuries as a result of the automobile accident.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Winkler, JJ.