OPINION
Plaintiff-appellant Michelle Menda appeals from the trial court's order of remittitur on a verdict for her son Justin's negligence claim and on her claim for loss of consortium against defendant-appellee Springfield Radiologists, Inc. ("SRI") and Doctor Sundar Nilavar. Menda claims that the trial court erred by ordering remittitur, because the verdict was not the result of passion or prejudice and was not excessive, based upon the evidence presented to the jury.
We disagree. We conclude that the trial court did not abuse its discretion by ordering a remittitur of the jury's verdict, because we agree that the award is excessive in relation to the evidence before the jury. Accordingly, the order of remittitur is Affirmed, and, Menda having elected a new trial in lieu of remittitur, this cause is Remanded for a new trial on the sole issue of damages.
 I
This is the second appeal in this case. See Menda v. SpringfieldRadiologists, Inc. (2000), 136 Ohio App.3d 656, 737 N.E.2d 590.
As explained more fully in Menda, supra, Nilavar treated Justin in November, 1994, when he was admitted to Mercy Hospital with abdominal pain, fever, and vomiting. Nilavar reviewed Justin's CT scan and reported "nonspecific findings related to bowel gas." Several months later, after a second CT scan had been performed, another doctor diagnosed Justin with a pancreatic pseudocyst. The pancreatic injury occurred as a result of a kick Justin received from his caregiver, Kristen Trapp. Justin and his mother eventually filed this medical malpractice action against Nilavar and SRI, based on the alleged misdiagnosis of Justin's condition.
After a jury trial, Justin was awarded $1,000,000, and his mother $375,000, on their claims. The State of Ohio, Department of Human Services, was also awarded $16,499.04 for medical expenses it paid relating to Justin's care. Nilavar then requested a new trial or, in the alternative, a remittitur of Justin and his mother's award. The trial court agreed that the Mendas' verdict was excessive and ordered a remittitur or, in the alternative, a new trial:
 "This cause came on to be heard on defendants' motion for a new trial or, in lieu thereof, for a remittitur. After due consideration, the Court finds that the judgment rendered by the jury was excessive, but that this error may be corrected by remittitur. It is, therefore, ORDERED that the judgment entered in this action on June 13, 2001 be reduced by remittitur to the sum of $100,000.00 for Plaintiff Justin P. Menda and $37,500.00 for Plaintiff Michelle Menda plus costs. Plaintiffs shall have thirty days from the filing of this entry to notify the Court of their consent to this remittitur."
The court's order did not disturb the jury's award to the State of Ohio, Department of Human Services.
Menda rejected the remittitur, and the court ordered a new trial.
From that judgment, Menda now appeals.
 II
Menda's sole assignment of error is as follows:
 "THE TRIAL COURT ERRED BY ORDERING A REMITTITUR OF A UNANIMOUS JURY VERDICT WHEN THE RECORD CONTAINED NO EVIDENCE (1) THAT THE VERDICT WAS THE RESULT OF PASSION OR PREJUDICE OR (2) THE VERDICT WAS UNREASONABLE AND EXCESSIVE UNDER ALL OF THE FACTS AND CIRCUMSTANCES"
Menda first contends that remittitur was improper because the jury was not motivated by passion or prejudice. She next claims the jury's award of compensatory damages was a reasonable remedy for the injuries sustained by Justin and herself. While we agree that the jury was not motivated by passion or prejudice in making its award, we disagree with Menda's second contention.
"The assessment of damages is a matter within the province of the jury." Carter v. Simpson (1984), 16 Ohio App.3d 420, 423, 16 OBR 490, 493-494, 476 N.E.2d 705, 708. We generally consider it inappropriate for any court to substitute its own judgment for that of the jury concerning the proper amount of damages to award. Litchfield v. Morris (1985),25 Ohio App.3d 42, 44, 25 OBR 115, 117-118, 495 N.E.2d 462, 464-465. Nevertheless, a remittitur is proper if the jury's award is so excessive as to appear to be the result of passion or prejudice, or if the amount awarded is against the manifest weight of the evidence. Id.
Based upon our review of the record, we find no basis to conclude that the damage award in this case is the product of passion or prejudice, but we agree with the trial court that the award is excessive and unwarranted by the evidence. The evidence presented to the jury shows that Justin, who was then four years old, suffered from continued episodes of stomach "flu" from November 1994 until February 1995. During this time, he also endured bouts of severe pain, including an instance where he was described as having a "board-like" abdomen. After diagnosis, he was unable to eat anything by mouth for approximately two months and was placed on a restricted diet for an additional month. Justin's activity level was also severely restricted for this period of time. Additionally, he was forced to wear diapers and he had difficulty sleeping. At least one doctor also testified that he suffered emotional injury. During this time, his mother was also understandably worried, lost her minimum wage job, and even felt guilty about eating food in front of him.
Although we recognize that Nilavar's delay in diagnosing the pancreatic injury resulted in a painful, prolonged period of treatment and recovery for a little boy and anguish to his mother, which the jury found could have been avoided had the injury been properly diagnosed initially, we agree with the trial court that a verdict for $1,375,000 is excessive for a non-permanent injury, with no long-term complications or disability, and with recurring episodes of pain, but not constant, unremitting pain, which Justin mercifully does not now remember.
In both her brief and at oral argument, Menda's counsel focused on the fact that the delay in diagnosing the pancreatic injury also led to a delay in removing Justin from Trapp's care, so that he was subjected to additional abuse at her hands. Menda contends that this justifiably resulted in the large verdict. The jury was, however, instructed that it could only award damages based on the actual harm to Justin caused by Nilavar's negligence, not any harm caused by Trapp's abuse. This instruction was not contested by Menda's counsel. Moreover, authorities were contacted after Justin's original hospital stay in November, 1994, and no evidence was presented that other incidents occurred after the actions leading to Justin's pancreatic injury.
Alternatively, Menda argues that even if a remittitur is justified — a 90% reduction in the jury's award is not appropriate. She also maintains that if a new trial is granted, it should be limited solely to a redetermination of damages.
We find no abuse of discretion in the trial court's decision to reduce the awards by 90%. Menda's own counsel suggested this amount in closing argument:
 "Now, these are difficult concepts as far as what is damage; but if you think in terms of what Justin went through during these several months because he wasn't diagnosed, I submit to you that a hundred thousand dollars is not an inappropriate amount." (Emphasis added.)
Menda argues that this statement does not amount to evidence and should not form the basis for a remittitur in this case. While we agree that the statement is not evidence, it informed the trial court's exercise of discretion in determining an appropriate amount of damages after having determined that the amount awarded by the jury was excessive.
We do, however, agree that the new trial should be limited to an appropriate damage calculation, and not a retrial of Nilavar's liability, despite his counsel's arguments to the contrary. See, Woods v. ResidentHome Ass'n (Mar. 17, 1992), Montgomery App. No. CA-12767. We conclude that there is sufficient evidence in the record to support the jury's verdict against Nilavar on the parties' claims.
Because the award was excessive and the trial court may grant a remittitur in those instances where a damage verdict is excessive and unwarranted by the evidence presented, Menda's sole assignment of error is overruled.
 III
Menda's sole assignment of error having been overruled, the judgment of the trial court is Affirmed, and the cause is Remanded for a new trial on the issue of damages for Justin and his mother. Our judgment does not, however, disturb the jury's award of $16,499.04 to the State of Ohio, Department of Human Services.
WOLFF, P.J., and BROGAN, J., concur.