DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Yoshanta Beckett ("mother"), on behalf of minor child Timeasha Beckett, appeals the judgment issued in Beckett's favor in the Summit County Court of Common Pleas. We reverse.
 {¶ 2} On July 31, 2006, mother and Beckett filed an action for personal injury against Appellees, Richard Warren and Mary Wood for injuries Beckett sustained when Warren and Wood's dog (Roly Poly, a Rottweiler/Shar-Pei mix) bit Beckett on the head in March of 2006. The complaint set forth two causes of action for negligence and one cause of action for strict liability under Chapter 955 of the Ohio Revised Code. The case proceeded to trial on August 13, 2007, and resulted in a jury verdict in favor of Beckett and a $5,000.00 damages award. The jury award consisted of $500.00 for past medical expenses, $2,500.00 for future medical expenses, $1,500.00 for past pain and suffering, and $500.00 for future pain and suffering. On August 17, 2007, Beckett moved the court for a new trial pursuant to Civ. R. 59(A)(4) and (6) and argued *Page 2 
that the damages award was inadequate and not sustained by the weight of the evidence. On September 12, 2007, the trial court denied Beckett's motion.
 {¶ 3} Beckett timely appealed and raises three assignments of error. We have rearranged the assignments of error to facilitate our review.
 ASSIGNMENT OF ERROR 3 "THE TRIAL COURT ERRED IN REQUIRING THE MINOR CHILD TO CHOOSE STRICT LIABILITY (AND THUS NO PUNITIVE DAMAGES OR EVIDENCE OF PRIOR ATTACKS/BITES) OR MAKING THEM PROVE NEGLIGENCE IN ORDER TO SEEK PUNITIVE DAMAGES[.]"
 {¶ 4} In this assignment of error, Beckett argues that the trial court erroneously required her to choose between pursuing a statutory claim under R.C. 955.28 and a common law claim for negligence. A common law claim for negligence would allow evidence of prior attacks/bites[1]
and a jury to award punitive damages, while a statutory claim would not. Beckett chose to pursue a statutory claim. Beckett relies uponRothenbusch-Rhodes v. Mason, 10th Dist. No. 02AP-1028, 2003-Ohio-4698, for the proposition that a victim of a dog bite attack can simultaneously pursue both common law and statutory claims, including a claim for punitive damages.
 {¶ 5} "The decision of whether a remedy is available and appropriate is a question of law, which is reviewed de novo." Telxon Corp. v. SmartMedia of Delaware, Inc., 9th Dist. Nos. 22098, 22099, 2005-Ohio-4931, at ¶ 93, citing Entergy Ark, Inc. v. Nebraska (C.A.8, 2004), 358 F.3d 528,553-54. *Page 3 
 {¶ 6} R.C. 955.28(B) states that, "[t]he owner, keeper, or harborer of a dog is liable in damages for any injury, death, or loss to person or property that is caused by the dog, unless the injury, death, or loss was caused to the person or property of an individual who, at the time, was * * * teasing, tormenting, or abusing the dog on the owner's, keeper's, or harborer's property." R.C. 955.28 does not provide for the award of punitive damages. Tynan v. Hanlon (1959), 110 Ohio App. 77, 79. "R.C. 955.28 does not establish negligence per se. Rather, the statute establishes liability without regard to fault or the dog owner's negligence." Allstate Ins. Co. v. U.S. Assoc. Realty, Inc. (1983),11 Ohio App.3d 242, 246, citing Hirschauer v. Davis (1954),98 Ohio App. 479, affirmed (1955), 163 Ohio St. 105; Silverglade v. Von Rohr (1923),107 Ohio St. 75. "In order to maintain a strict liability cause of action under R.C. 955.28(B), the plaintiff must establish: (1) that the defendant is the owner, keeper or harborer of the dog; (2) that the injury was proximately caused by the dog's actions; and (3) the monetary amount of the damages." Bowman v. Stott, 9th Dist. No. 21568,2003-Ohio-7182, at ¶ 8, citing Hirschauer v. Davis (1955),163 Ohio St. 105, paragraph three of the syllabus; Stuper v. Young (May 15, 2002), 9th Dist. No. 20900, at *4.
 {¶ 7} "Under the common law, a plaintiff suing for damages inflicted by a dog under a theory of general negligence must show: (1) the defendant owned or harbored the dog; (2) the dog was vicious; (3) the defendant knew of the dog's viciousness; and (4) the defendant was negligent in keeping the dog." Bowman at ¶ 19, citing Flint v.Holbrook (1992), 80 Ohio App.3d 21, 25-26. Punitive damages may be awarded in a common law action against the dog owner.Rothenbusch-Rhodes, supra, at ¶ 38, citing Tynan, 110 Ohio App. at 79.
 {¶ 8} The trial court required Beckett to choose between two theories upon which to proceed at trial, statutory or common law, based on the authority of Rodenberger v. Wadsworth *Page 4 
(Nov. 25, 1983), 6th Dist. No. OT-83-18. Beckett chose to proceed on the statutory claim, but preserved the issue for appeal. Warren and Wood then stipulated that Beckett was bitten by their dog and suffered injuries, establishing the first two elements of the statutory claim as set forth in Bowman. Thus, the trial proceeded solely on the third element of a statutory claim, compensatory damages.
 {¶ 9} We initially note that this is an issue of first impression in our appellate district although other appellate districts, including this one, have cited Warner v. Wolfe (1964), 176 Ohio St. 389 for the proposition that a party may pursue both statutory and common law claims for dog bite injuries, albeit in dicta. See, e.g.,Rothenbusch-Rhodes at ¶ 36; Bowman at ¶ 20; Flint, 80 Ohio App.3d at 25;Thompson v. Irwin, 12th Dist. No. CA97-05-101, at *2; Koruschak v.Smotrilla (July 16, 2001), 7th Dist. No. 99-CA-320, at *3; Myers v.Linn (July 19, 1985), 6th Dist. No. L-85-009, at *1.
 {¶ 10} It is true that in Rodenberger, supra, the Sixth District Court of Appeals held that a plaintiff must choose which cause of action he or she will pursue. In reaching that decision, however, theRodenberger court relied on the dicta from the syllabus inWarner, supra. In Warner, the Supreme Court considered whether adoption of Section 955.28 of the Ohio Revised Code abrogated the common-law right of action for damage or injury caused by a dog. The Supreme Court held that it did not. Warner, 176 Ohio St. at 392. The question of whether a plaintiff may pursue both a common-law claim and a statutory claim in the same lawsuit was not before the court. Thus, to the extent the last sentence of the syllabus in that case appears to say that a plaintiff must choose between the common-law claim and the statutory claim, it is dicta.
 {¶ 11} In Rodenberger the court also reasoned that, because evidence that the dog's owner knew it was vicious was necessary for a plaintiff to succeed on the common-law claim but *Page 5 
immaterial to the statutory claim, "[a]ssuming that the plaintiff introduced evidence of the dog's viciousness or the owner's negligence, but could not prove all the elements necessary under the common law, a judgment in favor of such plaintiff under statutory liability would prejudice defendant and be subject to reversal due to the introduction of inadmissible evidence." Id at *2. This Court does not agree that a reversal would be required under the scenario suggested by the court inRodenberger. It is often true that evidence immaterial to one cause of action is admissible because that cause of action is being jointly tried with a separate cause of action for which the evidence is material. The logical extension of the rationale relied upon by the court inRodenberger is a conclusion that separate causes of action requiring different evidence can never be tried together. Such, however, is not the law.
 {¶ 12} Admittedly, as Judge Vukovich has acknowledged, "it is going to be a daunting task for a jury of lay people to sift through the evidence and properly assign it to one of the two causes of action" in a dog-bite case. Koruschak, supra, at *4 (Vukovich, J., concurring). The answer, however, is not to force a plaintiff to choose between her two valid causes of action. Rather, "it is incumbent upon the trial court to bring clarity out of chaos through its instructions to the jury." Id.
 {¶ 13} Based on the foregoing, we hold that a party may simultaneously pursue claims for a dog bite injury under R.C. 955.28 and common law negligence. The trial court erred in requiring Beckett to choose which claim to pursue. Beckett's third assignment of error is sustained. ASSIGNMENT OF ERROR 1 "THE TRIAL COURT ERRED IN FAILING TO GRANT A NEW TRIAL WHEN THE JURY AWARD WAS INADEQUATE AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE[.]" *Page 6 
 ASSIGNMENT OF ERROR 2 "THE TRIAL COURT ERRED IN ADMITTING MEDICAL BILL EXHIBITS WHICH WERE NOT STIPULATED TO AND WHICH WERE NOT PROPERLY AUTHENTICATED UNDER OHIO LAW[.]"
 {¶ 14} As the resolution of the third assignment of error renders moot the first and second assignments of error, we decline to address them.
 {¶ 15} This matter is remanded for a new trial on both Beckett's statutory and common-law claims.
 {¶ 16} Judgment reversed and remanded for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. *Page 7 
[1] Dominique Wood testified, without objection, that Roly Poly had bitten another child on a prior occasion, so this information was known to the jury.
Costs taxed to Appellees.
MOORE, P. J. DICKINSON, J. CONCUR