STATE OF MAINE                                    SUPERIOR COURT
                                                    CIVIL ACTION
YORK, ss.                                          DOCKET NO. CV-10-116


LINDA LONG,

        Plaintiff


        v.                                          ORDER


ALAN ORZECHOWSKI, et al.,

        Defendants


## BEFORE THE COURT

The court has before it the defendants' motion for partial summary judgment on

the plaintiff's claims for punitive damages.

## BACKGROUND

Defendants Alan Orzechowski and Gloria Engram (the "Defendants") are the

owners and keepers of three mixed breed pit bulls. (Defs.' S.M.F. ¶ 1, *as qualified by* Pl.'s

Opp. S.M.F. ¶ 1.) At the time of the incident, the parties lived on Running Brook Drive.

(Defs.' S.M.F. ¶ 2, *as qualified by* Pl.'s Opp. S.M.F. ¶ 2.) Ms. Long was running past the

Defendants' residence. (Defs.' S.M.F. ¶ 4.)[1] Ms. Long was running on the road facing

the direction of oncoming traffic, which she states is standard practice. (Pl.'s Opp.

S.M.F. ¶ 4.) This put her on the same side of the street as the Defendants' residence.

(*Id.*) As she approached the Defendants' residence, she heard children playing in the

yard with a brown pit bull terrier. (Defs.' S.M.F. ¶ 5.) There were no adults outside

with the children and the dogs were unleashed. (Defs.' S.M.F. ¶ 7; Pl.'s Opp. S.M.F. ¶

---

[1]    This is the second statement of material fact numbered 4.

10.) Upon seeing the dog, Ms. Long immediately stopped running and started walking. (Pl.'s Opp. S.M.F. ¶ 5.)

Assuming the dog was distracted, Ms. Long continued past the Defendants' residence. (Defs.' S.M.F. ¶ 5, *as qualified by* Pl.'s Opp. S.M.F. ¶ 5.) As she was walking past the Defendants' residence, a white and black pit bull suddenly came from somewhere outside the Defendants' home straight toward Ms. Long. (Defs.' S.M.F. ¶ 6, *as qualified by* Pl.'s Opp. S.M.F. ¶ 6.) When Ms. Long saw the dog, she froze and yelled something. (Pl.'s Opp. S.M.F. ¶ 6.) The dog bit Ms. Long in the buttocks and leg. (Defs.' S.M.F. ¶ 6.) Ms. Long was able to drive herself to the hospital where they cleaned her wounds and gave her a tetanus shot. (Defs.' S.M.F. ¶ 9.)[2]

The Defendants assert that no one directed, encouraged, or ordered the dog to bite Ms. Long and that there was no ill will between the Defendants and Ms. Long. (Defs.' S.M.F. ¶ 8; Defs.' S.M.F. ¶ 11.)[3] The dog that bit Ms. Long was not acting aggressively towards the children. (Defs.' S.M.F. ¶ 9.) Ms. Long has no evidence to suggest that the Defendants deliberately trained their dogs to attack people. (Defs.' S.M.F. ¶ 12.)[4] However, the animal control officer described Defendants' dogs as "vicious." (Pl.'s S. Add'l M.F. ¶ 11) Mr. Orzechowski wanted his dog to protect his children while they were playing in the front yard. (Pl.'s S. Add'l M.F. ¶ 12.)

Mr. Orzechowski blamed Ms. Long for her injuries because she ran close to the Defendants' property, she knew that they had pit bulls, and because the dogs have chased her before. (Pl.'s S. Add'l M.F. ¶ 13.) However, on several occasions prior to

---

[2] This is the second statement of material fact numbered 9.

[3] Ms. Long failed to respond to paragraph 11 of the Defendants' statement of material facts and therefore it is deemed admitted. M.R. Civ. P. 56(h)(4).

[4] Ms. Long failed to respond to paragraph 12 of the Defendants' statement of material facts and therefore it is deemed admitted. M.R. Civ. P. 56(h)(4).

2009, the Defendants' dogs would cross the street and frighten pedestrians. (Pl.'s S. Add'l M.F. ¶ 14.) On one occasion, the dog bit another person. (*Id.*; Smith Dep. 12:1-4; Smith Dep. Ex. 2.) Mr. Orzechowski knows that the dogs like to chase people. (Pl.'s S. Add'l M.F. ¶ 15.)

Prior to the incident, Ms. Long had three other incidents with the Defendants' dogs. (Defs.' S.M.F. ¶ 3.) Two of these previous occasions occurred while Ms. Long was running past the Defendants' residence. (*Id.*) The third occurred while Ms. Long was riding on her bike past the Defendants' residence. (*Id.*) The dogs did not bite Ms. Long on these prior occasions, but on one of these occasions, a dog put its front paws on Ms. Long's back. (*Id.*; Pl.'s S. Add'l M.F. ¶ 16.) On another occasion, in the summer of 2009, one of the Defendants' pit bulls was chasing Ms. Long and either Mr. Orzechowski or his friend stated, "You better go faster!" (Pl.'s S. Add'l M.F. ¶ 17.) Ms. Long had to use her bike as a shield to escape. (*Id.*) Ms. Long was extremely upset as a result of this incident. (*Id.*) Prior to the incident in this case, Ms. Long had never met the Defendants and knew them only from passing them on the street, but had yelled at them if their dogs came out. (Defs.' S.M.F. ¶ 4.)

The Defendants were aware of several complaints about their dogs from people in the area, five complaints to the Sanford Police Department, and at least two official warnings to keep their dogs leashed. (Pl.'s S. Add'l M.F. ¶ 18.)

Ms. Long filed a complaint with the court on April 20, 2010. The Defendants filed the instant motion for summary judgment on October 21, 2010. The Defendants do not dispute that they were negligent in failing to restrain the dog that caused Ms. Long's injuries and that they are responsible for any physical or emotional injuries suffered by Ms. Long as a result. However, the Defendants assert that punitive damages are not warranted in this case.

3

# DISCUSSION

### 1. Standard of Review

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. M.R. Civ. P. 56(c). In considering a motion for summary judgment, the court should consider the facts in the light most favorable to the non-moving party, and the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *See e.g., Johnson v. McNeil*, 2002 ME 99, ¶ 8, 800 A.2d 702, 704.

### 2. Punitive Damages

The Defendants claim that Ms. Long is not entitled to punitive damages. Punitive damages cannot be recovered in the absence of express or implied malice. *St. Francis De Sales Fed. Credit Union v. Sun Ins. Co. of N.Y.*, 2002 ME 127, ¶ 16, 818 A.2d 995, 1001. "Express malice exists when 'the defendant's tortious conduct is motivated by ill will toward the plaintiff.'" *Id.* (quoting *Tuttle v. Raymond*, 494 A.2d 1353, 1361 (Me. 1985)). "Implied malice arises when 'deliberate conduct by the defendant, although motivated by something other than ill will toward any particular party, is so outrageous that malice toward a person injured as a result of that conduct can be implied.'" *Id.* Negligence or reckless conduct is not sufficient to justify an award of punitive damages. *Tuttle*, 494 A.2d at 1361.

Ms. Long does not claim there was ill will between the parties, however she asserts there is a genuine dispute as to whether the Defendants' conduct was deliberate and "so outrageous that malice toward a person injured" as to constitute implied malice. *Tuttle*, 494 A.2d at 1361. "It is well established that prior misconduct by a defendant that is similar to the misconduct giving rise to liability is relevant to the

4

determination of punitive damages." *Harris v. Soley*, 2000 ME 150, ¶ 23, 756 A.2d 499, 507. The facts establish that Mr. Orzechowski knew that his dogs liked to chase people, that they had chased people, including Ms. Long in the past, the dogs had bitten people in the past, and that they were considered by others to be vicious. Here, the Defendants received several warnings from both private citizens and public authorities regarding their dogs, but failed to keep them on a lease or in their yard. *See Nardi v. Gonzalez*, 165 Misc. 2d 336, 339-40, 630 N.Y.2d 215, 217-18 (City Ct. of Yonkers 1995) (punitive damages allowed when defendant knew of prior incidents, but permitted the dog to remain off the leash); *Volz v. Hudson*, 115 Ohio Misc. 2d 63, 761 N.E.2d 711, (Ohio Misc. 2001) (allowing punitive damages in a dog bite case when owner knew of a prior attack).

There is evidence in the summary judgment record that Mr. Orzechowski refused to keep his dogs leashed, as required by local ordinance, not withstanding multiple complaints from private citizens and law enforcement authorities that his dogs were accosting people using the roadway in front of his house. The purpose of an award of punitive damages is to deter an individual and others from continuing to engage in deliberate, outrageous conduct, which puts others at serious risk of harm. Accordingly, there is sufficient evidence in the record for a jury to find that Ms. Long is entitled to recover an award of punitive damages.

The entry will be as follows:

The Defendants' Motion for Summary Judgment on the issue of punitive damages is Denied.

Dated:      June 20, 2011

G. Arthur Brennan
Justice, Superior Court

5

ATTORNEY FOR PLAINTIFF:
GREGORY MCCULLOUGH
MCCULLOUGH LAW OFFICES
PO BOX 910
SANFORD ME   04073-0910

ATTORNEY FOR DEFENDANT:
JAMES MAIN
HOY & MAIN
PO BOX 1569
GRAY ME   04039